655 So.2d 468 (1995)
SUPERIOR BAR & GRILL, INC.
v.
STATE of Louisiana, THROUGH the DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Louisiana State PoliceVideo Gaming Division.
No. 94 CA 1879.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
*469 Paul M. Adkins, Shreveport, for plaintiff-appellee-appellant.
Tammy L. Pruet, Baton Rouge, for defendant-appellant-appellee.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Superior Bar & Grill, Inc. (plaintiff) brought this action for judicial review against the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police, Video Gaming Division (State). Plaintiff's license to operate video draw poker devices at its bar and grill in Shreveport was revoked following an undercover operation involving a confidential informer who allegedly was under eighteen years of age. Plaintiff sought review of the decision by an administrative law judge affirming the State's revocation. That decision was affirmed in part[1] by the trial court with oral reasons which state, in pertinent part:
Well, I think that as far as age, a person can testify to their own age. You can have a birth certificate; you can have a driver's license. This affidavitnot affidavit, this document with the parents' signature on it should be sufficient proof of age. If I were your agency, I would start including copies of the driver's license or something that's more reliable.
The trial court's decision finding a violation of Louisiana Revised Statute 33:4862.19(A) has prompted plaintiff's appeal. Plaintiff's sole assignment of error generally complains the trial court erred in finding a violation of this statute. The assignment broadly encompasses complaints that the trial court erred in basing its decision on insufficient evidence and on incompetent hearsay evidence.
Initially we note the main thrust of the statute is to prevent underage people from playing these video machines, a most laudable exercise of the legislative function. Children under eighteen should not be in barrooms, gaming devices. The gravamen of the offense is that a licensee may not permit someone under eighteen to play its gaming devices. *470 That is the proscription the legislature was enacting.
It was incumbent upon the State to prove with competent evidence that Confidential Informant 505 was under eighteen. What proof is in the record? The confidential informant did not testify. Her parents did not testify. No birth certificate or driver's license was introduced. The police officer who conducted this undercover investigation and directed the underage confidential informant did not testify as to the informant's age. He referred only to the fact that she had worked in an undercover capacity for "some time."
The police investigative report (State Exhibit Six) and the confidential informant data sheet (State Exhibit Nine), which show the informant was seventeen, were admitted into evidence by the administrative law judge over plaintiff's strenuous hearsay objection. All other documentary evidence which refers to the confidential informant's date of birth is also hearsay.
The usual rules of evidence need not apply in administrative hearings, and hearsay may be admitted. LSA-R.S. 49:956; Harris v. State, 93-1365 p. 3 (La.App. 1st Cir. 12/22/94), 648 So.2d 449, 450; Brouillette v. State, 589 So.2d 529, 532 (La.App. 1st Cir.1991). Hearsay evidence can be used, along with other competent evidence, to reach a true factual finding. Hall v. Louisiana State Racing Comm'n, 505 So.2d 744, 747 (La.App. 4th Cir.1987). The findings must be supported by competent evidence, however, and incompetent evidence admitted at the hearing will be disregarded by the court in its judicial review. Brouillette, 589 So.2d at 529. Factual findings cannot be based solely on incompetent evidence.
When the evidence in this case is weighed, we find not one shred of competent evidence to show the confidential informant's age at the date of the alleged violation on April 21, 1993. We must reverse the trial court's decision which affirmed the administrative law judge's decision finding a violation of Revised Statute 33:4862.19(A). In view of our decision, it is unnecessary to address the trial court's decision to remand on the penalty aspect of this case. Costs in the sum of $703.15 are taxed to the State.
REVERSED AND RENDERED.
LOTTINGER, C.J., concurs.
NOTES
[1] The trial court found the State had proven the informant was a minor but remanded the case for a reconsideration of the penalty, suggesting a fine might be more appropriate than revocation of plaintiff's license.