672 So.2d 246 (1996)
Milton MOSBY, Plaintiff-Appellant,
v.
STATE of Louisiana, Through OFFICE OF the SECRETARY, DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.
No. 28,143-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
Rehearing Denied May 2, 1996.
Milton Mosby, Appellant, in pro. per.
*247 Richard Ieyoub, Attorney General, Department of Social Services by Danny Woods, Baton Rouge, for Appellee.
Before SEXTON, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
In this case, Milton Mosby challenges an administrative decision denying him Aid to Families with Dependent Children (AFDC) and food stamps due to his failure to cooperate with the Department of Health and Human Resources (DHHR) in obtaining information affecting his household's eligibility. The district court upheld that disqualification. We affirm.

BACKGROUND
In reaction to an anonymous report, the Claiborne Parish Office of Family Support (OFS) sent a contact letter to Mosby, a food stamp recipient pursuant to the Federal Food Stamp Act, see 7 U.S.C. § 2011, et seq. That dispatch, dated July 22, 1994, sought verification concerning the alleged proceeds from a lawsuit settlement, proof regarding the spending of that money, and information about the registration of a previously undeclared vehicle believed to be in Mosby's possession. In his response on July 26, he denied receiving any such sum, while further asserting that he borrowed cars from family members because his 1983 Cadillac did not run.
Later, on August 23, 1994, two weeks after filing a request for AFDC assistance, Mosby went with his wife, Sherry A. Mosby,[1] to the OFS in Homer for a scheduled appointment regarding the application. At that time, two employees of the agency observed him driving a late model Oldsmobile Delta 88 that had not been declared on either his AFDC or food stamp forms. A subsequent telephone call to the dealership listed on the temporary license plate disclosed Mosby as the purchaser of the vehicle in question.
When the assigned case worker questioned Mosby about the vehicle, he became hostile, denied owning the car, and insisted that it belonged to his sister. Finally, upon being informed that verification regarding such ownership would be necessary to complete his AFDC application, the claimant replied that he did not intend to prove anything. As a consequence, on September 7, 1994, the OFS denied Mosby's request for AFDC on grounds that he had failed to provide registration information on the vehicle. The next day, he petitioned for review of that decision.
Earlier, on September 6, 1994, Mosby had appeared at the OFS for a redetermination of his eligibility for food stamps. At that time, he reported owning two vehicles, a 1983 Cadillac and a 1983 Ford Escort, each valued at $500. Considering the previously obtained information regarding the Oldsmobile, and inasmuch as resources are an important factor in determining eligibility, the case worker asked for verification of the registration of that automobile. Mosby again denied purchasing the car and did not supply the requested data, even following a letter seeking that information. This failure to cooperate ultimately led to the closure of the food stamp case on October 3, 1994, and another request for a hearing. Subsequently, on October 6, an inquiry with the Louisiana Department of Motor Vehicles confirmed that Mosby's Cadillac had been traded to a dealer on June 24, 1994, and that his wife simultaneously acquired the 1989 Oldsmobile Delta 88 subject to a mortgage.[2]
The hearing regarding both denials of benefits occurred on October 20, 1994. Based upon the available and credible evidence, the administrative law judge made the following findings of fact:
1. OFS representatives observed the claimant driving a late model Oldsmobile which had not been declared on his application forms for AFDC and Food Stamps benefits.

*248 2. The agency obtained sufficient information to conclude that ownership of this Oldsmobile was questionable and needed to be clarified.
3. Mosby's eligibility worker requested that he provide documentation to establish ownership of the Oldsmobile he was driving.
4. The claimant refused to cooperate with OFS on their request that he verify who owned the Oldsmobile.
Accordingly, the hearing officer ruled that the OFS properly denied Mosby's AFDC application and his food stamp recertification because of his refusal to cooperate.
Mosby then timely sought judicial review in the district court, pursuant to La.R.S. 46:107(C). The district court later upheld the administrative law judge's decree, and the present appeal ensued.

DISCUSSION
Mosby, appearing pro se, contends the presented evidence does not support the administrative hearing officer's affirmance that denied AFDC and food stamp benefits based upon his failure to cooperate. Put otherwise, he argues that the findings of fact are based entirely on hearsay, rather than supported by sufficiently competent evidence.
The provisions of La.R.S. 46:107 establish, within DHHR, a system of hearings for any applicant or recipient whose claim for assistance, services, or food stamps is denied or terminated. That provision further directs that such proceedings be conducted as specified and authorized by the Administrative Procedure Act at La.R.S. 49:955 et seq. At such administrative hearings, the usual evidentiary rules need not apply and hearsay may be admitted. See La.R.S. 49:956(1); Germany v. State, Dept. of Health & Human Resources, 493 So.2d 800 (La.App. 2d Cir. 1986), writ denied, 496 So.2d 352 (La.1986); Brouillette v. State, Dept. of Public Safety, 589 So.2d 529 (La.App. 1st Cir.1991). Without relying solely on incompetent evidence, hearsay together with other probative evidence can be utilized to reach a true factual finding. See Superior Bar & Grill, Inc. v. State, Dept. of Public Safety & Corrections, 94-1879 (La.App. 1st Cir. 05/05/95), 655 So.2d 468.
Thus the question in the present case is simply whether, under these relaxed evidentiary standards, the record sufficiently supports the disqualification of the claimant. Equally important, the reviewing court is constrained by the following provisions of La.R.S. 49:964(G):
The court may reverse or modify [an agency] decision [only] if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.... [W]here the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
At the administrative hearing, OFS personnel testified to seeing Mosby driving a relatively new vehicle of an apparent value that could possibly affect his eligibility for benefits. Based on this observation and information from the dealership that Mosby had purchased the car, the agency reasonably questioned whether the Oldsmobile constituted an asset of the claimant's household. Also, OFS employees described their repeated attempts to obtain the needed documentation from appellant and his sometimes hostile and untenable refusals to comply with these requests.
Additionally at the hearing, even when confronted with the later-obtained information that he had traded his declared Cadillac to a dealer on the same day that his wife purchased the 1989 Oldsmobile, Mosby continued *249 to insist that the car did not belong to him and that he had no obligation to provide the registration papers. Finally, however, after stating that his wife and sister "ma[d]e deals together" and admitting his knowledge that the car had been financed, he conceded that his wife could have bought the vehicle. Similarly, while saying he thought the Cadillac had remained at his in-laws' home, he theorized that his wife could have traded in the automobile without his knowledge.
Understandably, the applicable federal regulations and state policies impose upon the household the primary responsibility for providing documentary evidence to support applications for benefits and to resolve any questionable information. In short, the client must cooperate in the process of determining or reviewing eligibility. See 7 C.F.R. § 273.2(f)(5)(i); Office of Family Support Financial Assistance Manual, Chapter 4, §§ C-1114, C-1131, C-1310, C-1313. Failure to do so is an appropriate ground for denial of benefits or closure of the case by the agency. See 7 C.F.R. § 273.2(d)(1); Office of Family Support Financial Assistance Manual, Chapter 4, §§ C-720, C-1311, C-1320.
In the case sub judice, we find ample evidence of Mosby's failure to cooperate after OFS personnel had good reason to question whether an asset of his household affected the eligibility at issue. Thus, with appropriate deference to the administrative law judge's credibility determinations, the record well supports the denial of AFDC and food stamp benefits. Nor in this instance, unlike in Germany, supra, did the agency base its decision upon "particularly unreliable" hearsay or facts too far removed in time to be relevant. Consequently, considering the reliable, probative, and substantial nature of the total record and the resulting factual findings, we affirm the district court judgment sustaining the agency's termination of benefits.

CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed at Mosby's costs according to law.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, HIGHTOWER, BROWN and STEWART, JJ.
Rehearing denied.
NOTES
[1] Plaintiff's sister is also named Sherry Mosby; however, her middle initial is "M."
[2] The title to the Oldsmobile listed the owner as Sherry A. Mosby and gave her address as the same one given by her husband on agency documents. The inquiry additionally disclosed the purchaser's maiden name as Tell, thus negating any potential confusion about the similar names of plaintiff's wife and his sister.