| iBROWN, Judge.
Plaintiff, Milton Mosby, has appealed from a March 25, 1996, judgment affirming an administrative determination denying his application for food stamps.[1] We affirm.

Facts

On August 21, 1995, Mosby applied for food stamps at the Claiborne Parish Office of Family Support (“OFS”), requesting an expedited consideration. The office manager, however, denied expedited services because of Mosby’s failure to cooperate with the OFS on a previous occasion. Following an August 29, 1995, interview, OFS sent Mosby a letter denying his application for food stamps. The basis for the denial was Mosby’s refusal to cooperate with OFS by voluntarily terminating the interview before its completion.
During the interview, OFS personnel attempted to determine if Mosby was entitled to benefits by examining his gross monthly income and countable liquid resources, since the office had information indicating that Mosby was presently receiving unreported income and that he had unreported liquid resources. In response to questions about his resources, Mosby became loud and abusive. The initial interviewer became so upset that she could no longer continue the interview. Her supervisor resumed the interview, asking the same questions posed by the first interviewer. Mosby’s adviser and witness, attorney Harold Gilley, asked Mosby to be quiet so that the needed information could be obtained. Mosby, however, left the interview *1067 during Gilley’s attempt to get the facts needed to assist Mosby and his family in qualifying for food stamps.
|2A fair hearing was held on October 19, 1995. Mosby was notified by letter dated November 21, 1995, that the administrative law judge had adopted the Department of Social Services’ decision rejecting his application.
The following is excerpted from the ALJ’s findings:
Based on Mr. Mosby’s boisterous propensities during the interview of August 29, 1995; his unwillingness to follow the advice of Mr. Gilley, his own representative/witness; his refusal to provide reasonable documentary evidence to insure that the sources of payment regarding the resources included in the June 24, 1994, transaction are not presently available to the household; and his impatience and declaration that “this interview is over” and subsequent exiting of the interview room with no intention of returning while Mr. Gilley remained to obtain information to assist him in obtaining eligibility; Mr. Mosby refused to cooperate with the Claiborne Parish OFS by voluntarily terminating the interview before its completion.
Mosby filed a petition for judicial review on December 1, 1995. It is from the district court’s judgment affirming the administrative decision that Mosby has appealed. According to Mosby, the OFS’s denial of benefits was based upon hearsay and insufficient evidence. Also, improper procedure was followed. Finally, appellant asserts that the denial was tainted by sexual and retaliatory bias.

Discussion

To safeguard the health and well being of the nation by raising the levels of nutrition among low income households, Congress enacted the food stamp program. Food stamp monies are administered by the states in accordance with federal guidelines. To obtain assistance under this program, a household must file a completed and signed application. The state agency must interview the authorized representative of the household and verify the information in the application. If any material part of the information provided by the applicant is incorrect, the agency may deny the request for benefits. See 7 C.F.R. § 278.1, et seq.
Congress limited eligibility for food stamps to households with limited incomes and other financial resources. 7 C.F.R. § 273.8. Resources are assets or ^possessions which can be converted to cash. Resource limits for all households are $2,000, except where one household member is 60 years older, the limit is $8,000. 7 C.F.R. § 273.18. See Krider v. State through Office of Secretary, Department of Social Services, 28,854 (La.App.2d Cir. 11/01/96), 682 So.2d 876.
An applicant for food stamp assistance must cooperate in the process of determining or reviewing eligibility. 7 C.F.R. § 273.2(f)(5)(i); Office of Family Support, Financial Assistance Manual, Chapter 4, §§ C-1114, C-1131, C-1310, C1311. Failure to do so is an appropriate ground for denial of benefits or closure of a ease by an agency. 7 C.F.R. § 273.2(d)(1); Office of Family Support, Financial Assistance Manual, Chapter 4, §§ C-720, C-1311, C-1320; Mosby v. State through Office of Secretary, Department of Social Services, 28,143 (La.App.2d Cir. 04/03/96), 672 So.2d 246.
Appellant’s assignments of error are without merit. Judicial review of an administrative decision is limited by La. R.S. 49:964(G). There is no evidence of arbitrary, capricious action or abuse of discretion at the administrative level, nor is there evidence that improper procedure was followed or that the decision was tainted by sexual or retaliatory bias. As noted by the ALJ, Mosby’s inappropriate and abusive behavior and his refusal to continue with the interview process constituted a failure to cooperate. The information necessary to determine Mosby’s household’s eligibility was never furnished and the agency correctly denied benefits.

Conclusion

Finding no manifest error in the trial court’s judgment affirming the OFS’s denial *1068 of benefits, we affirm. Costs are assessed to appellant.

. This court has affirmed administrative decisions denying Mosby food stamps on two previous occasions. Mosby v. State of Louisiana, 28,-143 (La.App.2d Cir. 04/03/96), 672 So.2d 246; Mosby v. State of Louisiana, 28,695 (La.App. 2d Cir. 09/25/96), 681 So.2d 1315 (not designated for publication). The basis for denial of benefits each time has been Mosby's refusal to cooperate with the Office of Family Services.