JiPER CURIAM.
The trial court’s ruling of October 9, 1997, denying the defendant’s exception of prematurity is reversed in part.
In its first amending and supplemental petition, RCS Gaming, Inc. (RCS) challenges the validity of the Louisiana Gaming Control Board’s (Board) Rule 104. RCS argues that Rule 104(1) was adopted in violation of the Louisiana Gaming Control Law, (2) was adopted at a time when there were insufficient members on the Board to veto the Chairman’s actions, (3) violates the separation of powers provision and the gambling provision of the Louisiana Constitution by sub-delegating the Board’s powers to the Chairman, and (4) was not adopted in compliance with the Louisiana Administrative Procedure Act.
RCS’s challenge to Rule 104 includes constitutional issues, procedural issues, and statutory issues. The Board cannot decide the constitutional challenges because administrative agencies are without power to decide constitutional issues. See Albe v. Louisiana Workers’ Compensation Corporation, 97-0581 (La. 10/21/97), 700 So.2d 824, 826, 827 (rehearing pending); Midboe v. Commission on Ethics for Public Employees, 94-2270 (La. 11/30/94), 646 So.2d 351, 355. Therefore, regarding the constitutional challenges to Rule 104, the trial court is the proper forum wherein these issues should be addressed, and the *1125 trial court correctly denied the State’s exception of prematurity regarding these claims. We make the following observations regarding RCS’s constitutional challenges.
RCS first alleges that Rule 104 violates Article II, § 2 of the Louisiana Constitution which prohibits one branch of government (legislative, executive, and judicial) from exercising powers belonging to either of the other branches of government. According to RCS, the powers statutorily delegated by the legislature to the Board in the Louisiana Gaming Control Law (La.R.S. 27:1 et seq.) cannot be sub-delegated by the Board to the Chairman. We note that any sub-delegation of powers by the Board to the Chairman via Rule 104 does not appear to present a separation of powers problem, because any .exercise of the Board’s powers by the Chairman is contained within the executive branch of government and does not cross into either the legislative or judicial branch of government. The legislative delegation of power to the Board Rvia the Louisiana Gaming Control Law is a delegation of powers across branch lines — from the legislative branch to the executive branch. However, in Polk v. Edwards, 626 So.2d 1128 (La.1993), the Supreme Court held that the Casino Act (La. R.S. 4:601-686) was not an unconstitutional delegation of power from the legislative branch to the executive branch. Thus, it appears that the legislative delegation of power in the Louisiana Gaming Control Law would likewise withstand constitutional scrutiny under a separation of powers challenge.
RCS also alleges that Rule 104 violates Article XII, § 6(B) of the Louisiana Constitution which states that “[gjambling shall be defined and suppressed by the legislature.” In light of Polk v. Edwards, the Board’s powers, and not the sub-delegation by it to the Chairman, is the only delegation between governmental branches.
Regarding the procedural and statutory challenges to Rule 104, the proper forum to raise these issues is before a hearing officer of the Louisiana Gaming Control Board Hearing Office. In determining the applicability of laws, the more specific governs over the more general. In the Interest of A.C., 93-1125 (La. 1/27/94), 643 So.2d 719, 730, cert. denied, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995). With regard to administrative agencies, the more specific laws are those which govern the agency; these specific laws govern over the more general laws of the Administrative Procedure Act or the Louisiana Code of Civil Procedure. Corbello v. Sutton, 446 So.2d 301, 303 (La.1984); Liberty Mutual Insurance Company v. Louisiana Insurance Rating Commission, 96-0793 (La.App. 1st Cir. 2/14/97), 696 So.2d 1021, 1027. The Louisiana Gaming Control Law contains a specific provision which requires that “any matter which is disputed or contested” be heard by a hearing officer of the Louisiana Gaming Control Board Hearing Office in accordance with the adjudication provisions (La.R.S. 49:955 and 956) of the Louisiana Administrative Procedure Act. La.R.S. 27:25(A), (B). Louisiana Revised Statute 27:25(B)(1) provides:
Any matter which is disputed or contested, or which the board determines should be heard by a hearing officer, shall be heard by a hearing officer in a public hearing conducted in accordance with the adjudication provisions of the Administrative Procedure Act [La.R.A. 49:950 et seq.]
The phrase “any matter which is disputed or contested” is broad enough to encompass a non-constitutional challenge to an agency rule. Therefore, regarding the non-constitutional issues raised by RCS, the proper action to challenge the validity of Rule 104 is under La.R.S. |327:25(B)(1).[1] Pursuant to that action, RCS is entitled to a hearing before the Louisiana Gaming Control Board Hearing Office as provided for in La.R.S. 49:955-956. Therefore, the trial court erred in not granting the State’s exception of prematurity as to RCS’s non-constitutional challenges to Rule 104.
*1126 For the foregoing reasons, the State’s exception of prematurity is granted in part and denied in part.
WRIT GRANTED IN PART; DENIED IN PART; STAY RECALLED.

. The trial court and litigants herein focused on La.R.S. 49:963 as the statute controlling RCS's challenge to Rule 104. However, since the Louisiana Gaining Control Law contains a more specific provision dealing with the matter, the more general provision of the Administrative Procedure Act does not apply.