Dear Mayor Jackson:
You have apprised this office that the Village of Longstreet is a dry political subdivision. The question you pose is: May a native winery legally operate in a political subdivision which has voted to prohibit the sale of alcoholic beverages?
Our response is in the affirmative. The law governing the production and sale of native wine is known as the "Louisiana Native Wine Law" and is found within the provisions of R.S.26:321, et seq. This body of law relates solely to one form of alcoholic beverage, specifically, "native wine", which is statutorily defined in R.S. 26:323, providing in its entirety:
 § 232. Definitions
 For purposes of this Part, the following words and phrases have the definitions ascribed herein, unless the context otherwise requires:
 (1) "Native wine" means any product, produced in Louisiana for sale, having an alcohol content not to exceed twenty-one percent by weight and of which fifty-one percent of the finished product by volume is obtained from fermentation of grapes, fruits, berries, or vegetables grown and produced in Louisiana. However, bulk, concentrated, or fortified wines used for blending may be produced outside of this state and used in producing native wines.
 (2) "Native winery" means any place or establishment in this state where native wine is produced in whole or in part for sale.
 (3) "Producer" means any person who, directly or indirectly, personally or through any agency engages in the making, blending, rectifying, or other processing of native wines in Louisiana.
Relevant to this discussion are the statutes controlling local option elections on alcoholic beverages which are contained in LSA-R.S. 26:581, et seq. Apparently, pursuant to the referenced statutes, a local option election has been held affecting the citizens of the Village of Longstreet; the election results declared that the sale of certain alcoholic beverages would not be permitted. Your concern is that "native wines" fall within the category of those alcoholic beverages which are not permitted to be sold, and that the operator of a native winery would by his conduct be squarely in violation of a municipal ordinance reflecting the dry status of the municipality.
However, it is the opinion of this office that the portion of an ordinance adopted by the local governing body which attempts to prohibit the sale and production of native wine as defined by state law is invalidated and superseded by the Louisiana Native Wine Law. Our conclusion is predicated upon long-established rules of statutory construction, discussed below.
Rules of statutory construction dictate that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. SeeRCS Gaming vs. State Through Gaming Board, 705 So.2d 1124
(La.App. 1st Cir. 1997); State ex rel. Bickman v. Dees,367 So.2d 283 (La. 1978); Esteve v. Allstate Ins. Co.,351 So.2d 117 (La. 1977); see also Civil Code Art 13 providing that "laws on the same subject matter must be interpreted in reference to each other".
Those statutes which permit the production and sale of native wines are collectively considered to be special legislation, and as such, those provisions prevail over any conflicting statutes dealing with alcoholic beverages in general. R.S. 26:326 permits the wholesale and retail sale of native wines, if the operator is duly licensed, and provides:
 § 326. Native winery; wholesale and retail sales; intrastate shipment
 Any person who has properly obtained a producer's permit, as provided for in R.S. 26:325, may engage in the production of native wines and may also sell the manufactured beverage at wholesale and at retail for consumption on or off the licensed premises, including by direct sale and shipment by common carrier to any consumer domiciled in the state of Louisiana. Sales of the manufactured beverage completed by delivery to the consumer through shipment by common carrier shall not be subject to the taxes levied by R.S. 26:341(B).
Further, the most recent act of the legislature is controlling as the latest expression of legislative intent. If such statutes are not in conflict and thus may be construed together, both are given effect. See Blanchard vs. Brown,388 So.2d 865 (La.App. 1st Cir. 1980), at page 869.
The original legislation providing for elections in wards, incorporated villages, towns, and cities allowing electors of political subdivisions to determine whether or not intoxicants may be sold therein was enacted by Act 372 of the 1948 Regular Legislative Session. The Louisiana Native Wine Law was enacted by the legislature under authority of Act 736 of the 1990 Regular Legislative Session, many years subsequent to those general statutes regulating the sale of alcoholic beverages. The latter Act is controlling as the most recent expression of legislative will in the event of a conflict; however, we find no conflict between these acts of the legislature. Act 736 merely creates an exception in the general law with respect to alcoholic beverages defined as native wines, which absent the Native Wine Law, might otherwise be considered alcoholic beverages for purposes of prohibition.
It is not our intent to suggest that your ordinance is invalid in its entirety; rather, only that portion which would prohibit the sale of native wines is unenforceable. The unconstitutionality of one portion of a law does not render the entire law unenforceable if the remaining portion is severable from the offending portion. See Cox Cable New Orleans, Inc. vs.City of New Orleans, 624 So.2d 890 (La. 1993), at page 895.
Finally, legislative intent apparent from the language of R.S. 26:322 is that the manufacture and consumption of native wines is to be encouraged. R.S. 26:322 provides:
 § 322. Legislative declaration of intent
 A. The legislature of the state of Louisiana recognizes, by the passage of this Part, the vital contribution of the agricultural industry to the economy of this state and declares that the intent of this Part is to enhance and expand such industry by authorizing and encouraging the domestic production of native wines from grapes, berries, fruits, and vegetables grown in Louisiana.
 B. The legislature further recognizes the vital contribution of the tourist industry to the economy of this state, and declares that the intent of this Part is to enhance such industry by encouraging the planting and development of native vineyards, the construction of native wineries, and the production and sale of native wines so that tourists traveling through Louisiana may visit vineyards, wineries, and wine cellars, and purchase Louisiana domestic wines.
 C. The legislature further recognizes the need for the expansion, diversification, and development of the Louisiana economy, and declares that the intent of this Part is to authorize and encourage the introduction of a new industry into this state which will provide new employment opportunities, additional income, and support for existing industries in this state.
In summary, a native winery operated in compliance with state law may legally be operated in the Village of Longstreet, notwithstanding the dry status of the municipality.
We hope the foregoing is responsive to your questions, but should you need further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams