GUIDRY, J.
_J_j_In this writ application, applicant, Walter Monsour, challenges the ruling of the Ethics Adjudicatory Board, Panel A, which overruled applicant’s objections to exhibits submitted by the Board of Ethics in opposition to applicant’s motion for summary judgment. For the following reasons, we reverse the evidentiary ruling of the Ethics Adjudicatory Board and remand for further proceedings.-
FACTUAL AND PROCEDURAL BACKGROUND
The Board of Ethics (“BOE”) filed charges against Walter Monsour (“Walter”), alleging that he was employed as the President and Chief Executive Officer of the East Baton Rouge Redevelopment Authority (“RDA”), which owned a 49% interest in the East Baton Rouge Community Development Entity, LLC (“CDE”), at times during which his son, Jordan Mons-our (“Jordan”),- an attorney, represented clients in transactions with the RDA and CDE. The BOE further alleged that Jordan was compensated- by the law firm that employed him'for this representation, Walter did not submit a disqualification plan to the BOE, and therefore, as the agency head, Walter was deemed to have participated in all transactions- involving his agency. The BOE alleged that Walter violated the provisions of La. R.S. 42:1112(B) and requested that penalties be assessed against Walter.[1]
The BOE also filed charges against Jordan, alleging that Jordan did not file’the required disclosure statements in violation of La. R.S. 42:1114(A). The BOE alleged that Jordan violated the-provisions of La. R.S. 42:1113(A) and 42:1114(A) and requested that penalties be assessed against Jordan.
lain June, 2016, Walter and Jordan each filed a motion for summary judgment with the Ethics Adjudicatory Board (“EAB”) seeking dismissal of the charges, attaching exhibits and a memorandum in support of their motions. The BOE filed a memorandum opposing each motion and the attached exhibits. Walter and Jordan each filed a reply memorandum in which they *628 argued that the exhibits submitted by the BOE were not competent evidence and could not be considered by the EAB, asserting the documents were unsworn and unverified and were not self-proving.
The BOE also moved to strike the expert affidavit of R. Gray Sexton submitted by both Walter and Jordan.[2] That motion was granted by the EAB, excluding the affidavit from evidence, based upon the panel’s finding that it did not require the assistance of an expert and the affidavit would not assist the panel in adjudicating this matter.
Jordan and Walter objected to the exhibits sought to be submitted by the BOE, arguing the documents submitted by the BOE were not submitted with an affidavit and were not certified, and accordingly, no competent evidence was submitted under the provisions of the Louisiana Code of Civil Procedure governing motions for summary judgment. In addition, Walter objected to the affidavit and documents marked as Exhibit 17, submitted by the BOE, because the affidavit was not notarized when it was submitted with the opposition to the motion. The EAB sustained the objections to Exhibit 17, the affidavit and the attachments thereto, because it was not in proper form and not authenticated. After questioning and confirming with counsel for the BOE that its exhibits were either produced by Jordan in discovery or by the RDA in response to a subpoena, the EAB overruled lathe objections to Exhibits 1 through 16 and 19 through 21[3] and admitted these exhibits into evidence.[4] At the end of the hearing, the EAB took the motion for summary judgment under advisement.
Walter filed the instant writ application seeking review of the evidentiary ruling by the EAB, which admitted Exhibits 1 through 16 and 19 into evidence. The parties subsequently advised this Court that the EAB stayed this matter pending this ruling.
STANDARD OF REVIEW
On legal issues decided by the EAB, the reviewing court gives no special weight to the findings of the administrative tribunal but conducts a de novo review of questions of law. Ellis v. Louisiana Board of Ethics, 14-0112, p. 7 (La. App. 1st Cir. 12/30/14), 168 So.3d 714, 721 (per curiam), writ denied, 15-0208 (La. 4/17/15), 168 So.3d 400. Generally, a ruling on the admissibility of evidence is a question of law and is not subject to the manifest error standard of review. Trascher v. Territo, 11-2093, p. 4 (La. 5/8/12), 89 So.3d 357, 362.
The issue before this Court concerns the applicability of the provisions of *629 the Louisiana Code of Civil Procedure governing motions for summary judgment, particularly whether the provisions of La. C.C.P. art. 966, which specifically identifies documents which may be filed in support of or in opposition to the motion for summary judgment, controls in this administrative proceeding. This Court finds that this is a question of law and is subject to de novo review.
DISCUSSION
|/The BOE is responsible for issuing charges for violations of the Code of Governmental Ethics, and thereafter, a public hearing shall be conducted by the EAB to receive evidence and to determine whether any violation of any provision of law within the jurisdiction of the BOE has occurred. La. R.S. 42:1141(C). Pursuant to La. R.S. 42:1143, all proceedings conducted by the EAB shall be subject to and in accordance with the Louisiana Administrative Procedure Act (“APA”), La. R.S. 49:950 et seq.
Louisiana Administrative Code, title 52, part I, § 1102, applicable to the EAB, provides:
A. Motions and exceptions may be made before, during, or after a public hearing.[5]
B. Motions and exceptions made before or after the public hearing shall be filed with the appropriate panel of the Ethics Adjudicatory Board. Contradictory motions and exceptions shall be accompanied by a memorandum which shall set forth a concise statement of the grounds upon which the relief sought is based and the legal authority therefore.
C.A motion for summary judgment may be filed by either the respondent or the trial attorney(s);
Walter and Jordan argue that La. C.C.P. arts. 966 and 967 govern all motions for summary judgment, and therefore, the EAB erred in admitting the incompetent evidence submitted by’ the BOE, which consisted of documents with no affidavits or other verification. Conversely, the BOE argues that the admission of evidence before the EAB is governed by the APA, and therefore, the EAB had discretion to admit evidence found to be competent.
Louisiana Revised Statute 49:956 provides, in part, that in adjudication | .^proceedings:
(1) Agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs. They shall give effect to the rules of privilege recognized by law. Agencies may exclude incompetent, ' irrelevant, immaterial, and unduly repetitious evidence. Objections to evidentiary offers may be made and shall be noted in the record. Sub- . ject to these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form.
.In administrative hearings, the usual rules of evidence need not apply, and thus, hearsay may be admitted. Nevertheless, the findings of the agency must be supported by competent evidence. Brouillette v. State of Louisiana, Department of Public Safety, 589 So.2d 529, 532 (La. App. *630 1st Cir. 1991). Factual findings cannot be based solely on incompetent evidence. Superior Bar & Grill, Inc. v. State of Louisiana, Department of Public Safety, 94-1879 p. 3 (La. App. 1st Cir. 5/5/95), 655 So.2d 468, 470. Generally, the competency of the evidence presented at an administrative hearing is determined by considering the degree of reliability and trustworthiness of the evidence presented and by considering whether it is of the type that reasonable persons would rely upon. Board of Ethics in the Matter of Sneed, 12-1849 (La. App. 1st Cir. 10/7/13), 2013 WL 12116274, *12 (unpublished).
Evidence that has been found sufficiently reliable and trustworthy’to be considered competent evidence at an adjudicatory hearing includes a sworn statement of an officer (who could have been subpoenaed if plaintiff believed his testimony was necessary), Spreadbury v. State of Louisiana, Department of Public Safety, 99-0233, pp. 9-10 (La. App. 1st Cir. 11/5/99), 745 So.2d 1204, 1210; a certification form signed by a qualified technician, along with the technician’s permit, and certified by a custodian of the agency required to maintain such records, Brouillette, 589 So.2d at 533; a verified copy of a computer log signed)(¡by the secretary of the Board of Ethics, together with testimony regarding the reason why the employee .who made the entry in the computer log could not testify to such (although affidavit testimony which lacked personal knowledge and was inherently subjective was found incompetent), Board of Ethics in the Matter of Sneed, 2013 WL 12116274 at *6. However, in Superior Bar & Grill Inc., 94-1879 at p. 3, 655 So.2d at 470, a police investigative report and confidential informant data sheet, which showed the age of an informant, with no testimony or other evidence to corroborate the age, was found incompetent to show the age. These cases illustrate that some form of certification, verification, or testimony is generally utilized in demonstrating the competence, i.e., the trustworthiness and reliability, of evidence submitted in agency adjudication proceedings. In this summary judgment proceeding, none of the evidence submitted by the BOE and admitted by the EAB complied with the provisions applicable to motions for summary judgment as provided by the Code of Civil Procedure. Nevertheless, this Court notes that the EAB specifically sustained the objection to, a purported affidavit and the attachments thereto on the basis that the affidavit was not in proper form and not authenticated. Such a ruling appears to be inconsistent with the admission by the EAB of other documents with no affidavit or other, verification.[6]
In summary judgment proceedings, there is no live testimony adduced at the motion hearing, and accordingly, safeguards that an agency may generally rely upon in adjudging the trustworthiness and reliability of evidence being offered by a party may not be available. See Martin v. State Licensing Board for Contractors, 14-0963 (La. App. 1st Cir. 4/10/15), 2015 WL 1731007 at *6 (unpublished), writ denied, 15-0919 (La. 6/19/15), 172 So.3d 1091 (“This testimony, in conjunction with the documents, lends additional reliability and trustworthiness to the evidence.”) It is'difficult to ascertain the manner in which the EAB would determine the competence of such evidence, with no testimony, affidavit, or certification whatsoever.- Nevertheless, the Code of Civil Procedure provides its *631 own safeguards as to motions for summary judgment by specifying the form of evidence that can be introduced in support of or in opposition to such a motion. Louisiana Code of Civil Procedure article 966(A)(4) provides that the only documents that may be filed in support of or in opposition to the motion are pleadings, memo-randa, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and, admissions. Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence, and attaching such documents to a motion for summary judgment does not transform them into competent summary judgment evidence. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Unifund CCR Partners v. Perkins, 12-1851, p. 8 (La. App. 1st Cir. 9/25/13), 134 So.3d 626, 632. Louisiana Code of Civil Procedure article 967(A) provides the requirements for affidavits submitted in support of or in opposition to motions for summary judgment.[7]
| ^Generally, specific laws which govern an administrative agency, govern over the more general laws of the APA or the Louisiana Code of Civil Procedure. See RCS Gaming, Inc. v. State Through Louisiana Gaming Control Board, 97-2317, p. 2 (La. App. 1st Cir. 11/19/97), 705 So.2d 1124, 1125 (per curiam). However, La. Admin. Code, tit. 52, pt. I, § 1102, applicable to the EAB, which allows'the filing of motions for summary judgment in proceedings before the EAB and specifically contemplates such motions filed separately from the public hearing, provides no further procedures governing such motions. Moreover, the APA also fails to provide applicable procedures. This Court has held, in a case involving the BOE and EAB, that the Code of Civil Procedure governs civil proceedings, in district court as well as administrative agency proceedings, where agency laws are silent. Ellis, 14-0112 at p. 11, 168 So.3d at 723. This Court has applied the specific provision of the Louisiana Code of Civil Procedure which governs motions for summary judgment, i.e., La. C.C.P. art. 966, in similar cases. See Louisiana Board of Ethics in the Matter of Villere, 15-1939 (La. App. 1st Cir. 12/22/16), 208 So.3d 940, writ denied, 17-0128 (La. 3/13/17), 216 So.3d 807; In re Fontenot, 14-0337 (La. App. 1st Cir. 12/30/14), 2014 WL 7455199 at *2 (unpublished); Ellis, 14-0112 at p. 14, 168 So.3d at 725.
Accordingly, we find that La. C.C.P. arts.’966 and 967 are applicable to the summary judgment proceeding herein conducted by the EAB, which erred in admitting into evidence Exhibits 1 through 16 and 19 offered by the BOE, which did not meet the requirements of these articles, and- therefore, did not constitute proper summary judgment evidence. • ■
^CONCLUSION
For the foregoing reasons, the ruling of ■the Ethics Adjudicatory Board, which ad *632 mitted Exhibits 1 through 16 and 19 offered by the Board of Ethics, is reversed. This matter is remanded for further proceedings in accordance with this judgment.
REVERSED AND REMANDED.
Crain, J. Dissents in part and assigns reasons.
McClendon, J. Dissents in part for the reasons assigned by Judge Crain.

. The companion case involving the charges filed against Jordan Monsour, and a writ application filed by Jordan Monsour involving similar evidentiary issues, Board of Ethics In the Matter of Jordan Monsour and Walter Monsour, 2016 CW 1156 (La. App. 1st Cir. 6/21/17), is decided by this Court concurrently with this - ruling. Due to the overlapping nature of the issues in both cases, the cases will be discussed together herein.

. Although the motion to strike filed by the BOE was not included in the writ application materials, it should be noted that, at the hearing before the EAB, the BOE argued, in part, that the affidavit of Mr. Sexton should be stricken because it failed to meet the requirements for an affidavit of an expert pursuant to La. C.C.P. art. 967.

. In Jordan’s case, only Exhibits 1 through 16 are at issue; Exhibit 19 is at issue in Walter’s case in addition to Exhibits 1 through 16. Additionally, this Court was not provided with Exhibits 20 and 21, and according to the hearing transcript, these two exhibits were opinions by the “Board" (it is unclear whether they are opinions of the BOE or the EAB). These two exhibits do not appear to be at issue herein, as the writ application filed herein references Exhibits 1 through 16 and 19 as the improper exhibits. Accordingly, this Court renders no opinion as to Exhibits 20 and 21.

.The Court notes that the parties confirmed during the hearing that several of the exhibits submitted by the EAB were duplicative of exhibits submitted by Jordan and Walter. Therefore, those documents would have been under consideration by the EAB when the submission by Jordan and Walter was accepted.

. Louisiana Revised Statute 42:1141(C)(3)(a) provides, in part, that the EAB shall conduct a public hearing to receive evidence relative to the facts alleged in the charges and to determine whether, any violation of any provision of law within the jurisdiction of the BOE has occurred.

, In addition, Walter supplemented his writ application with a transcript from an unrelated proceeding before a different panel of the EAB, in which that panel ruled that it was required to follow the rules set forth in the ■Code of Civil Procedure for evidence to be considered in motions for - summary judgment.

. Louisiana Code of Civil Procedure article 967(A) provides, in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts’ opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ...”