# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2019 CA 0039

### TINA RAMUS, INDIVIDUALLY AND ON BEHALF OF MADISON RICKETSON (DECEDENT: STEPHEN RICKETSON)

### VERSUS

### KCJS TRUCKING, LLC

**Consolidated with**

## 2019 CA 0040

### TINA RAMUS, INDIVIDUALLY AND O/B/O XANDER RAMUS (DECEDENT: STEPHEN RICKETSON)

### VERSUS

### KCJS TRUCKING, LLC

**Judgment Rendered:** SEP 2 7 2019

* * * * * *

On Appeal from the Office of Workers' Compensation
In and for the Parish of East Baton Rouge
State of Louisiana
District 6
Docket Nos. 16-02905 c/w 16-02946

Robert W. Varnado, Workers' Compensation Judge

* * * * * *

Christopher R. Schwartz          Counsel for Plaintiff/Appellant
Luc D. Zeller                    Tina Ramus, on behalf of Madison Ricketson
Metairie, Louisiana

Kirk L. Landry                   Counsel for Defendant/Appellee
Virginia J. McLin                KCJS Trucking, LLC
Baton Rouge, Louisiana

Brad O. Price                    Counsel for 3rd Party Defendant/Appellee
Denham Springs, Louisiana        Sasha Ricketson and Dylon Berry
                                 Individually and/or through Danielle Berry

* * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

Welch J. concurs w/o reasons

**McCLENDON, J.**

In this workers' compensation case, the plaintiff appeals the Office of Workers' Compensation (OWC) judgments that granted the defendant's motion to strike and motion for summary judgment. For the following reasons, we vacate the judgment granting the motion to strike and affirm the summary judgment.

**FACTS AND PROCEDURAL HISTORY**

This matter arises out of the unfortunate death of Stephen Ricketson, whose vehicle was struck by a train on May 10, 2015. Mr. Ricketson was an employee of KCJS Trucking, LLC (KCJS) at the time of his death. Louisiana Construction & Industry Self Insurers Fund, as the workers' compensation provider of KCJS, has voluntarily paid and continues to pay workers' compensation death benefits to his widow, Sasha Ricketson. Tina Ramus contends that her children, Madison Ricketson and Xander Ramus, are the biological children of Mr. Ricketson and entitled to workers' compensation benefits as a result of his death.[1]

The present litigation began on May 6, 2016, when Ms. Ramus, on behalf of Madison Ricketson, filed a disputed claim for compensation seeking workers' compensation benefits for the death of Mr. Ricketson while in the course and scope of his employment with KCJS.[2] After counsel was enrolled, Ms. Ramus amended the disputed claim for compensation to specifically assert that Madison was entitled to a percentage of the death benefits being paid to Ms. Ricketson. The amendment also added as parties Ms. Ricketson, as Mr. Ricketson's widow, and Danielle Barry, on behalf of Dylan Barry, another minor child of Mr. Ricketson, asserting that each party in this matter was entitled to a percentage of the death benefits owed. The disputed claim for compensation was amended a second time to assert that Madison was financially dependent on Mr. Ricketson.

On July 16, 2018, KCJS filed a motion for summary judgment, asserting that in order to receive a portion of the workers' compensation benefits, Ms. Ramus had to

---

[1] This appeal concerns the claim filed on behalf of Madison Ricketson. Also decided this date is the appeal in Ms. Ramus's companion case filed on behalf of Xander Ramus.

[2] Ms. Ramus also filed individual claims against KCJS, which were subsequently dismissed by the OWC.

establish that Madison was a dependent of Mr. Ricketson at the time of his death. KCJS alleged that no evidence had been presented to establish Madison's dependency. Ms. Ramus opposed the motion for summary judgment, attaching three exhibits. Thereafter, Ms. Ramus filed a supplemental opposition to the motion for summary judgment, attaching an additional exhibit. In response, KCJS filed a reply memorandum and a motion to strike, objecting to the timeliness of the opposition, as well as to the evidence offered by Ms. Ramus. Following a hearing on August 30, 2018, the OWC granted the motion to strike and thereafter granted the motion for summary judgment. On September 6, 2018, the OWC signed separate judgments, granting the motion to strike and granting the motion for summary judgment, dismissing the claims of Ms. Ramus, on behalf of Madison Ricketson, with prejudice.[3] After her motion for rehearing was denied, Ms. Ramus filed the present appeal, contending that the OWC erred in granting the motion to strike and the motion for summary judgment.

## DISCUSSION

The determination of motions for summary judgment in workers' compensation cases is subject to the same standards utilized in ordinary civil actions. **O'Bannon v. Moriah Technologies, Inc.,** 17-0728 (La.App. 1 Cir. 3/29/18), 248 So.3d 392, 399. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. LSA-C.C.P. art. 966A(4).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential

---

[3] We note that Ms. Ramus sought an appeal of the judgment rendered in open court on August 30, 2018. To the extent that the motion for appeal was premature, any defect arising from a premature motion for appeal is cured once a final judgment has been signed. See **Overmier v. Traylor,** 475 So.2d 1094, 1094-95 (La. 1985) (per curiam); **Chauvin v. Chauvin,** 10-1055 (La.App. 1 Cir. 10/29/10), 49 So.3d 565, 568 n.1; see also LSA-C.C.P. arts. 1911, 1915, and 1918.

3

claims of the adverse party's claim, but rather, to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1).

Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following relevant provisions: the motion for summary judgment and all documents in support thereof shall be filed and served not less than sixty-five days prior to the trial; any opposition to the motion and all documents in support of the opposition shall be filed and served not less than fifteen days prior to the hearing on the motion; and any reply memorandum shall be filed and served not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum. LSA-C.C.P. art. 966B.

In ruling on the motion for summary judgment, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. LSA-C.C.P. art. 966D(2).

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the OWC's determination of whether summary judgment is appropriate. **Galliano v. CB & I, LLC**, 18-0844 (La.App. 1 Cir. 4/10/19), 275 So.3d 906, 909; **O'Bannon**, 248 So.3d at 399. Additionally, the trial court is granted broad discretion on its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. **Maldonado v. Kiewit Louisiana Co.**, 12-1868 (La.App. 1 Cir. 5/30/14), 152 So.3d 909, 924, writ denied, 14-2246 (La. 1/16/15), 157 So.3d 1129; **Emery v. Owens-Corporation**, 00-2144 (La.App. 1 Cir. 11/9/01), 813 So.2d 441, 448, writ denied, 02-0635 (La. 5/10/02), 815 So.2d 842.

4

In this matter, the motion for summary judgment was filed by KCJS on July 16, 2018, and set for hearing on August 30, 2018.[4] Therefore, Ms. Ramus's opposition to the motion was required to be filed and served by August 15, 2018. See LSA-C.C.P. art. 966B(2). It is undisputed that Ms. Ramus filed her opposition to the motion for summary judgment on August 10, 2018, but failed to serve the opposition until August 22, 2018. Ms. Ramus also filed and served the supplemental opposition on August 23, 2018.

On August 27, 2018, KCJS filed a reply memorandum objecting to 1) the untimely service of the initial opposition, 2) the untimely filing and service of the supplemental opposition, and 3) the quality of the evidence submitted by Ms. Ramus. The same arguments were included in a motion to strike filed the same day as the reply memorandum.

In her first two assignments of error, Ms. Ramus asserts that the OWC erred in granting the motion to strike. Particularly, Ms. Ramus contends that a motion to strike is not a proper means of objecting to documents submitted in support of or in opposition to a motion for summary judgment. Further, she argues that a motion to strike requires a contradictory hearing, which in this matter was scheduled less than fifteen days after the filing of the motion.

Under LSA-C.C.P. art. 966D(2), "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Comment (k) of the Revision Comments 2015 to Article 966 states that this "provision changes prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion." The intent of LSA-C.C.P. art. 966D(2) was to make it mandatory that any objection to a document filed in support of or in opposition to a motion for summary judgment must be objected to in a timely filed opposition or reply memorandum and not in a "motion to strike" or other pleadings. **Adolph v. Lighthouse Property Insurance Corporation**, 16-1275

---

[4] While there is a question as to whether the motion for summary judgment filed by KCJS was properly and timely served, Ms. Ramus has not raised the issue of proper service on appeal, and we decline to address same. See Uniform Rules, Courts of Appeal, Rule 1-3.

(La.App. 1 Cir. 9/8/17), 227 So.3d 316, 319-20. Because the motion to strike is no longer a means of objecting to the documents offered by Ms. Ramus in her opposition to the motion for summary judgment, we vacate the September 6, 2018 judgment granting the motion to strike.

Nevertheless, even if the OWC erred in granting the motion to strike in this matter, we find no error by the OWC in excluding the evidence. Besides filing a motion to strike, KCJS also objected to the timeliness of the filing of the initial and supplemental opposition and to the quality of the evidence submitted in its timely reply memorandum.[5]

Louisiana Code of Civil Procedure article 966B mandates that an opposition to a motion for summary judgment, along with all documents in support of the opposition, must be filed and served no less than fifteen days prior to the hearing on the motion. The time limitations established by LSA-C.C.P. art. 966B for the filing and serving of evidence in opposition to a motion for summary judgment are mandatory; evidence not timely filed can be ruled inadmissible and properly excluded by the trial court. **Raborn v. Albea**, 16-1468 (La.App. 1 Cir. 5/11/17), 221 So.3d 104, 112.

In this matter, although Ms. Ramus filed her opposition to the motion for summary judgment on August 10, 2018, she admitted that the opposition was not served on opposing counsel until August 22, 2018. Therefore, Ms. Ramus's opposition to the motion for summary judgment was untimely. The OWC considered the objections prior to rendering judgment under LSA-C.C.P. art. 966D(2) and concluded that the opposition evidence was not filed in accordance with LSA-C.C.P. art. 966B. We cannot say that the OWC erred in refusing to consider the evidence offered in Ms. Ramus's opposition to the motion for summary judgment.[6]

In her remaining assignment of error, Ms. Ramus contends that the OWC erred in granting the summary judgment motion, arguing that the evidence she submitted

---

[5] We disagree with Ms. Ramus's argument that KCJS's reply memorandum, objecting to the documents offered by Ms. Ramus, was also an improper motion to strike because two subsections included the language "Objection and Motion to Strike" in their headings.

[6] We need not address this court's decision in **Bond v. Your Mom's Restaurant and Bar**, 18-0924 (La.App. 1 Cir. 12/21/18) (unpublished) (2018 WL 6718624), as KCJS filed a timely reply memorandum with its objections to Ms. Ramus's evidence, in addition to the motion to strike.

6

created a genuine issue of material fact as to whether Madison is a dependent of Mr. Ricketson. In response, KCJS asserts that even if her opposition memorandum had been timely filed and served, Ms. Ramus failed in her burden of proof, as she offered three unauthenticated documents inappropriate for summary judgment and a conclusory affidavit that failed to create a genuine issue of material fact.

Because KCJS was not going to bear the burden of proof at trial on the issue that was before the OWC on the motion for summary judgment, KCJS was not required to negate all essential elements of Ms. Ramus's claim, but rather KCJS had to point out to the OWC the absence of factual support for one or more elements essential to Ms. Ramus's claim. See LSA-C.C.P. art. 966D(1). In its motion for summary judgment, KCJS pointed out that Ms. Ramus failed to establish that Madison was a dependent of Mr. Ricketson pursuant to LSA-R.S. 23:1251, et seq.

In order to be entitled to a percentage of death benefits awarded under Louisiana's workers' compensation law, Ms. Ramus had to establish that Madison was a dependent of Mr. Ricketson at the time of his death. See LSA-R.S. 23:1231.[7] Louisiana Revised Statutes 23:1251 provides that the following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee: 1) a surviving spouse; 2) a child under the age of eighteen years with whom he is living at the time of the injury; and 3) a child under the age of eighteen years with a valid child support order from a court of competent jurisdiction against the deceased parent.[8] "In

---

[7] Louisiana Revised Statutes 23:1231A provides:

> For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.

[8] Louisiana Revised Statutes 23:1251 provides:

> The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
> (1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
> (2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
> (3) A child under the age of eighteen years, or over eighteen years of age, if physically or mentally incapacitated from earning, with a valid child support order from a court of competent jurisdiction against the deceased parent, regardless of whether child support

7

all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death." LSA-R.S. 23:1252. Also relevant is LSA-R.S. 23:1254, which provides that "the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact."

In the present matter, it is undisputed that Madison was not residing with Mr. Ricketson at the time of his death. Therefore, for the conclusive presumption under LSA-R.S. 23:1251 to apply, Ms. Ramus had to present evidence of a valid child support order against Mr. Ricketson for Madison at the time of his accident and death. If not entitled to the conclusive presumption, then evidence of actual dependency was required in order for Madison to receive workers' compensation death benefits.

Ms. Ramus submitted with her opposition memorandum a copy of a photograph of a birth certificate for Madison issued by the State of California; a copy of correspondence dated March 7, 2018, to Ms. Ramus for Madison from the Social Security Administration showing a monthly benefit in the amount of $872.00; and her own affidavit. In her supplemental opposition, Ms. Ramus submitted a copy of a photograph of an Order/Notice to Withhold Income for Child Support in favor of Madison and directed to Mr. Ricketson for Ms. Ramus, in the amount of $404.00 per month. The copy of the Order/Notice was dated March 18, 2005, ten years before Mr. Ricketson's death.

In summary judgment proceedings, there is no live testimony adduced at the motion hearing, and accordingly, safeguards that generally may be relied upon in adjudging the trustworthiness and reliability of evidence being offered by a party may not be available. **Board of Ethics Matter of Monsour**, 16-1159 (La.App. 1 Cir. 6/21/17), 233 So.3d 625, 630, writ granted, 17-1274 (La. 12/5/17), 231 So.3d 623, affirmed, 17-1274 (La. 5/1/18), 249 So.3d 808. Nevertheless, the Louisiana Code of Civil Procedure provides its own safeguards as to motions for summary judgment by

---

is actually being paid, or until the age of twenty-three if enrolled and attending any accredited educational institution as a full-time student.

8

specifying the form of evidence that can be introduced in support of or in opposition to such a motion. **Board of Ethics Matter of Monsour**, 233 So.3d at 630-31. Article 966A(4) provides that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Further, LSA-C.C.P. articles 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence, and attaching such documents to a motion for summary judgment does not transform them into competent summary judgment evidence. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. **Board of Ethics Matter of Monsour**, 233 So.3d at 631.

With the exception of Ms. Ramus's affidavit, the other exhibits submitted in opposition to the motion for summary judgment are not pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, or admissions. See LSA-C.C.P. art. 966A(4). Moreover, these documents are unsworn and unverified, and Ms. Ramus's affidavit does not purport to authenticate any of the documents. Therefore, these exhibits have no evidentiary value on KCJS's motion for summary judgment, and we can find no error by the OWC in excluding this evidence.

As to Ms. Ramus's affidavit, she attested that she is Madison's biological mother. She further stated that the Social Security Administration has deemed Madison a dependent and has awarded her death benefits, on Madison's behalf, which she continues to receive. Ms. Ramus also stated that a valid child support award was ordered by the State of California against Mr. Ricketson for Madison. Lastly, Ms. Ramus stated that Mr. Ricketson expressed his desire before his death to provide support to Madison and that Mr. Ricketson made payments to her "over time" for the support of Madison.

Even if we were to find that Ms. Ramus's statements in her affidavit sufficiently set forth specific facts, we nevertheless find that the alleged facts asserted therein fail to address Madison's dependency at the time of Mr. Ricketson's death. Ms. Ramus

9

attested that Madison was deemed a "dependent" by the Social Security Administration, but Ms. Ramus failed to state that Madison was a dependent at the time of her father's death. Further, Ms. Ramus's affidavit contains no information setting forth the guidelines used by the Social Security Administration in determining whether one is a "dependent" entitled to benefits. Additionally, Ms. Ramus's statement that a valid child support award for Madison was ordered by the State of California also fails to include that it was valid on May 10, 2015, the date of Mr. Ricketson's death. See LSA-R.S. 23:1254. Consequently, Ms. Ramus's affidavit was insufficient to defeat KCJS's motion for summary judgment.

Based on our *de novo* review of the record, we find that Ms. Ramus failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that KCJS was not entitled to judgment as a matter of law. Accordingly, we can find no error by the OWC in granting summary judgment in favor of KCJS and dismissing Ms. Ramus's claims on behalf of Madison.

## CONCLUSION

For the above reasons, we vacate the September 6, 2018 judgment of the OWC, granting the motion to strike. We affirm the September 6, 2018 judgment of the OWC, granting summary judgment in favor of the defendant, KCJS Trucking, LLC, and against the plaintiff, Tina Ramus, on behalf of Madison Ricketson, dismissing her claims with prejudice. All costs of this appeal are assessed to Tina Ramus, on behalf of Madison Ricketson.

**JUDGMENT ON MOTION TO STRIKE VACATED; SUMMARY JUDGMENT AFFIRMED.**

10