# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-0693

**TONYA ARDOIN DELAFOSSE**

**VERSUS**

**VILLAGE OF PINE PRAIRIE**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, NO. 66,757
HONORABLE THOMAS FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

Genovese, J., dissents and assigns written reasons.

**AFFIRMED.**

**Lynette Young Feucht**
**Attorney at Law**
**440 North Second Street**
**Eunice, LA 70535**
**(337) 550-1115**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Tonya Ardoin DeLafosse**

**Karen Day White**
**Louisiana Municipal Association**
**700 North Tenth Street, Suite 440**
**Baton Rouge, LA 70802**
**(225) 344-5001**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Village of Pine Prairie**

PETERS, J.

This litigation arises from an incident wherein Kasie Crawford, the minor daughter of Tonya Ardoin DeLafosse, sustained injuries when she was struck in the head by a baseball. Ms. DeLafosse, individually and on behalf of her minor daughter, brought suit against the Village of Pine Prairie (Pine Prairie) to recover the damages sustained. She now appeals the trial court's grant of a summary judgment dismissing her suit against Pine Prairie. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

The facts giving rise to the motion for summary judgment are not in dispute, and the issue to be determined is primarily legal in nature. On February 26, 2004, while Ms. DeLafosse was at work, Carrie Aucoin was babysitting Ms. DeLafosse's two daughters, Kasie and Kayla Crawford. At the time, Kasie was six years old, and Kayla was eleven.

After receiving permission from Ms. DeLafosse, Carrie took the two children to a high school baseball game at Pine Prairie's baseball field. She paid the admission fee at the concession stand and led the two girls towards the bleachers. To reach the bleachers from the concession stand, the three individuals had to traverse a long grassy area between two fences. On one side, a four-foot high fence separated them from the first base foul line where the visiting team was warming up. As they traversed the area, a baseball came over the fence and struck Kasie in the head. Kasie sustained severe physical injuries from the impact and was immediately transported to a local hospital.

Ms. DeLafosse brought suit against Pine Prairie, the Evangeline Parish School Board, and the Livingston Parish School Board in an effort to recover the damages

she and her daughter suffered. Pine Prairie responded to the petition for damages by filing a motion for summary judgment based on the recreational immunity provisions of La.R.S. 9:2795. After a February 11, 2008 hearing, the trial court granted the motion, dismissing Ms. DeLafosse's suit. She then perfected this appeal, asserting three assignments of error.

## OPINION

### *Standard of Review*

Appellate courts review summary judgments de novo, using the same analysis as the trial court in deciding whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). As for the burden of proof, Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In support of its motion, Pine Prairie submitted the affidavit of its Mayor, Terry Savant, wherein he stated that Pine Prairie operates the ball park in question, that it allows local area schools to use the ballpark for recreational purposes without charge, and that its written records reflect no non-player injury. Mayor Savant further

asserted that he had no independent recollection of any non-player injury. Pine Prairie also submitted the deposition of Quint West, a teacher and baseball coach at Pine Prairie High School, wherein he testified that in the ten years he had coached baseball games at the ballpark, he had never heard of a spectator being hurt by a baseball flying over the four-foot high fence along the baselines. Mr. West also said that the fences in the outfield had been changed to twenty-foot high fences, but for the purpose of preventing excessive home runs, not for safety purposes. Ms. DeLafosse presented evidence that the year before the accident Pine Prairie had spent over $130,000.00 improving the concession stand and the press box at the ballfield.

### Assignment of Error Number One

Ms. DeLafosse asserts that the trial court erred in its interpretation of the recreational use immunity statute because it did not strictly construe the statute. Her assertion that the recreational use immunity statute must be strictly construed is correct. *See Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131. But because this court reviews the trial court's decision *de novo*, her allegation that the trial court misapplied this standard is basically encompassed in the other two assignments of error and will be considered therein.

### Assignment of Error Number Two

Ms. DeLafosse contends that there are genuine issues of material fact relative to the existence of a dangerous condition or structure at the ballpark that prevent Pine Prairie from being granted summary judgement on the issue of immunity, and that La.R.S. 9:2795 does not limit its liability.

Louisiana Revised Statutes 9:2795(B)(1) provides that:

> Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner

3

of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

> (a) Extend any assurance that the premises are safe for any purposes.

> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

> (c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

Additionally, La.R.S. 9:2795(E)(2)(a) provides that "[t]he limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes."

With regard to the definition of "recreational purposes," La.R.S. 9:2795(A)(3) provides that, as contemplated by the statute:

> "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

In this assignment of error, Ms. DeLafosse first asserts that Pine Prairie willfully and maliciously failed in its obligation, under La.R.S. 9:2795(B)(1), to warn Kasie of the unreasonably dangerous entrance to the ballpark bleachers.

> Louisiana Revised Statute 9:2795(B)(1) imposes a duty to warn of a dangerous condition upon the owner of land open to any person for recreational use. The degree of care which satisfies this duty varies with the danger which will be incurred by negligence and must be commensurate with the danger involved. In regard to this duty as imposed by the recreational use statute, a failure to warn of a dangerous condition connotes a conscious course of action, and is deemed willful

4

or malicious when action is knowingly taken or not taken, which would likely cause injury, with conscious indifference to consequences thereof.

*Lambert v. State*, 40,170, pp. 11-12 (La.App. 2 Cir. 9/30/05), 912 So.2d 426, 433-434 (citations omitted), *writs denied,* 05-2310 (La. 4/17/06), 926 So.2d 509 and 05-2311 (La. 4/17/06), 926 So.2d 509. Black's Law Dictionary, 8th Edition, defines willful as "Voluntary and intentional, but not necessarily malicious," and malice as "1. The intent, without justification or excuse, to commit a wrongful act. 2. Reckless disregard of the law or of a person's legal rights. 3. Ill will; wickedness of heart."

In this matter, Pine Prairie established that it operated the ball park for recreational purposes. Thus, it established a *prima facie* case that it was entitled to immunity under La.R.S. 9:2795. *See Webb v. Parish of St. Tammany*, 06-849 (La.App. 1 Cir. 2/9/07), 959 So.2d 921, *writ denied*, 07-521 (La. 4/27/07), 955 So.2d 695. The burden of establishing a malicious or willful failure to warn of a dangerous condition shifted to Ms. DeLafosse, who presented no evidence in this regard. Thus, we find that she failed to meet her burden on this element of proof so as to preclude summary judgment. *See LaCroix v. State, through Dep't of Transp.*, 477 So.2d 1246 (La.App. 3 Cir.), *writ denied*, 478 So.2d 1237 (La. 1985).

Ms. DeLafosse next argues that the exception in La.R.S. 9:2795(E)(2)(d), which precludes immunity from "intentional or grossly negligent acts by an employee of the public entity," applies because Pine Prairie's employees were grossly negligent in the placement and configuration of the stands at the ballpark and in maintaining only a four-foot fence to protect those patrons who had to traverse the first base line to gain access to the bleachers. She argues that Pine Prairie knew or should have known that a fence of that height would not contain flying balls, or in the alternative, that this created a genuine issue of material fact.

5

Gross negligence has been defined by our supreme court as "the want of even slight care and diligence. It is the want of that diligence which even careless men are accustomed to exercise." *Lenard v. Dilley*, 01-1522, pp. 6-7 (La. 1/15/02), 805 So.2d 175, 180, quoting *State v. Vinzant*, 200 La. 301, 7 So.2d 917 (1942). Again, after the burden of proof shifted to her, Ms. DeLafosse did not present any evidence that would establish that Pine Prairie was grossly negligent in its configuration of the stands or in its maintenance of the four-foot fence. Therefore, she did not establish that she would be able to meet her burden of proof at trial.

Ms. DeLafosse also argues that under the exception in La.R.S. 9:2795(E)(2)(c), the limitation of liability does not apply to Pine Prairie. That subsection provides that the limitation of liability afforded by the statute "does not apply to playground equipment or stands which are defective."

Specifically, she asserts that the stands were placed by Pine Prairie in such a manner as to create an unreasonably dangerous entrance to the ballpark stands. However, Ms. DeLafosse does not allege that the stands themselves were defective, only that they were improperly placed in the ballpark. Thus, this exception to the recreational use statute's limitation on liability does not apply.

Finally, Ms. DeLafosse asserts that the statute does not apply because Kasie was not attending the baseball game for a recreational purpose. This argument is two-fold. First, she contends that because Kasie was a spectator, not an active participant, the statute does not apply to her. However, this court has previously rejected that argument in *Benoit v. City of Lake Charles*, 05-89 (La.App. 3 Cir. 7/20/05), 907 So.2d 931, *writ denied*, 05-2154 (La. 3/17/06), 925 So.2d 539. Further, we note that the legislature's action in 2001, when it amended subsection E(2)(b) to add "or

6

stands," reinforced the interpretation that the statute applies to spectators as well as active participants, because only spectators regularly use the stands. Second, the plaintiffs argue that Kasie attended the ball game only because she was obligated to accompany her babysitter, not for a recreational purpose, citing to *Anderson v. Tenneco Oil Company*, 01-295, 01-296 (La.App. 4 Cir. 5/22/02), 826 So.2d 1143, *writ denied*, 02-2035 (La. 11/1/02), 828 So.2d 585, *abrogated on other grounds*, *Giorgio v. Alliance Operating Corp.*, 05-2 (La. 1/1/06), 921 So.2d 58. We find *Anderson* distinguishable from the case before us. The ruling in that case stated only that commercial fisherman engaging in a boating activity for commercial purposes were not engaged in a recreational activity within the meaning of the statute. Ms. DeLafosse would have us extend this rule to hold that one who attended a recreational activity involuntarily, or without a desire to benefit from the recreational activity, is not governed by the liability limitation statute. We decline to do so. Kasie was on the premises in order to attend a recreational activity, a ball game; the reasons why she was attending the ball game do not affect whether La.R.S. 9:2795 applies to her.

### *Assignment of Error Number Three*

Ms. DeLafosse argues that Pine Prairie failed to refute the evidence contained in the record that would exclude it from receiving immunity under La.R.S. 9:2795. She does not address this assignment of error in brief to this court; it is merely subsumed within the two assignments of error discussed above. For the reasons given above, we find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment in all respects. We tax all costs of this appeal to the plaintiff, Tonya Ardoin DeLafosse, individually and on behalf of her minor daughter, Kasie Crawford.

**AFFIRMED.**

TONYA ARDOIN DELAFOSSE

VERSUS

VILLAGE OF PINE PRAIRIE

**GENOVESE, J., dissents and assigns the following reasons.**

This case is not ripe for summary judgment. There are questions of material fact in this case including, but not limited to, whether or not a dangerous condition existed at the ballpark in light of a legally required strict interpretation of this state's recreational immunity statute. Further, I find *Reider v. State ex rel. La. Bd. of Trustees*, 04-1403 (La.App. 3 Cir. 3/9/05), 897 So.2d 893, *writ denied*, 05-938 (La. 5/20/05), 902 So.2d 1056, applicable. Consequently, in my view, Defendant's motion for summary judgment should have been denied and the matter remanded for trial on the merits. Therefore, I respectfully dissent from the majority opinion in this case.