PER CURIAM.
|, Granted. The mere fact that a public entity charges a minimal fee for use of its facilities does not mean the premises were “used principally for a commercial, recreational enterprise for profit” for purposes of the exception to immunity set forth in La. R.S. 9:2791(B). See Benoit v. City of Lake Charles, 05-89 (La.App. 3 Cir. 7/20/05), 907 So.2d 931. The undisputed evidence in the record establishes the majority of the park’s funding came from local property taxes. Therefore, the district court erred in denying defendants’ motion for summary judgment on the ground there were questions of fact as to whether the park was operated as a commercial enterprise.[1]
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendants.

. The district court also suggested there might be questions of fact as to whether defendants' actions amounted to "deliberate and willful or malicious injury” for purposes of La. R.S. 9:2791(B)(2). Viewing the facts in the light most favorable to plaintiffs, we find defendants’ actions might at most constitute ordinary negligence. However, defendants' actions were clearly not grossly negligent, nor did defendants act with intent to cause injury or with indifference to the consequences of their actions. See DeLaFosse v. Village of Pine Prairie, 08-0693, p. 5 (La.App. 3 Cir. 12/10/08), 998 So.2d 1248, 1251, writ denied, 09-0074 (La.2/4/09), 999 So.2d 766.