# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #021

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **1st day of May, 2018**, are as follows:

**PER CURIAM**:

2017-C-1274        BOARD OF ETHICS IN THE MATTER OF JORDAN MONSOUR AND WALTER MONSOUR (Louisiana Board of Ethics)

In this case, we are called upon to decide whether certain provisions of the Louisiana Code of Civil Procedure apply to a motion for summary judgment filed in administrative proceedings before the Ethics Adjudicatory Board.  For the reasons that follow, we conclude the evidence produced in connection with motions for summary judgment in these administrative proceedings must conform to the same requirements applicable to civil proceedings. For the reasons assigned, the judgment of the court of appeal is affirmed.  The case is remanded to the Ethics Adjudicatory Board for further proceedings consistent  with this opinion.

AFFIRMED.

SUPREME COURT OF LOUISIANA

No. 2017-C-1274

BOARD OF ETHICS IN THE MATTER OF JORDAN MONSOUR
AND WALTER MONSOUR

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, LOUISIANA BOARD OF ETHICS

PER CURIAM

In this case, we are called upon to decide whether certain provisions of the Louisiana Code of Civil Procedure apply to a motion for summary judgment filed in administrative proceedings before the Ethics Adjudicatory Board. For the reasons that follow, we conclude the evidence produced in connection with motions for summary judgment in these administrative proceedings must conform to the same requirements applicable to civil proceedings.

**FACTS AND PROCEDURAL HISTORY**

The Board of Ethics ("Board") filed formal charges against respondents, Walter Monsour and Jordan Monsour. Respondents filed separate motions for summary judgment with the Ethics Adjudicatory Board ("EAB"), seeking dismissal of the charges and attaching exhibits in support of their motions for summary judgment. The Board opposed the motions and attached exhibits in support of its opposition.

Respondents filed a reply memorandum. In support, they argued the exhibits attached to the Board's opposition did not constitute competent evidence because they were unsworn, unverified, and not self-proving.

The EAB denied respondents' objections to the Board's exhibits and admitted them into evidence. At the end of the hearing, the EAB took the motion for summary judgment under advisement.

Respondents sought supervisory review from the ruling admitting the exhibits into evidence. The court of appeal found the EAB erred in admitting the Board's exhibits, because these exhibits did not meet the requirements of La. Code Civ. P. arts. 966 and 967. Accordingly, the court reversed the EAB's ruling and remanded for further proceedings. Two judges dissented in part, and would have allowed the Board, on remand, to submit competent evidence prior to a ruling on the motion for summary judgment. *Board of Ethics in the Matter of Jordan Mansour and Walter Mansour*, 16-1159 (La. App. 1st Cir. 6/21/17).

Upon application of the Board, we granted certiorari to consider the correctness of this ruling. *Board of Ethics in the Matter of Jordan Mansour and Walter Mansour*, 12-1274 (La. 12/5/17), ___ So.3d ___.

## DISCUSSION

Pursuant to La. R.S. 42:1143, all proceedings before the EAB "shall be subject to and in accordance with the Administrative Procedure Act." The Board argues we should apply the provisions of La. R.S. 49:956(1) of the Administrative Procedures Act, which provides:

> In adjudication proceedings:
>
> (1) Agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs. They shall give effect to the rules of privilege recognized by law. **Agencies may exclude incompetent, irrelevant, immaterial, and unduly repetitious evidence.** Objections to evidentiary offers may be made and shall be noted in the record. Subject to

2

these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form. [emphasis added].

The Board asserts that because this statute is phrased in permissive terms, the EAB may exclude incompetent evidence but is not required to do so. Thus, it contends the decision to consider evidence which would otherwise be incompetent under the Code of Civil Procedure rests in the discretion of the EAB.

We acknowledge hearings in administrative proceedings are held to a relaxed evidentiary standard. *See*, *e.g., Louisiana Household Goods Carriers v. Louisiana Public Service Commission*, 99-3184 (La. 6/30/00), 762 So.2d 1081 (holding the Louisiana Public Service Commission had broad discretion to admit evidence that would not be admissible in a judicial proceeding, provided the evidence is probative and relevant). Nonetheless, we find the provisions of La. R.S. 49:956(1) are inapplicable to the instant dispute, as that statute is expressly limited to "adjudication proceedings." A motion for summary judgment is distinct from a formal adjudication hearing. *See* La. Admin. Code 52:1102.[1]

The Louisiana Code of Civil Procedure governs civil proceedings in administrative agency proceedings where agency laws are silent. *Ellis v. Louisiana Board of Ethics*, 14-0112 (La. App. 1 Cir. 12/30/14), 168 So.3d 714,

_____

[1] La. Admin. Code 52:1102 provides:

> A. Motions and exceptions may be made before, during, or after a public hearing.
>
> B. Motions and exceptions made before or after the public hearing shall be filed with the appropriate panel of the Ethics Adjudicatory Board. Contradictory motions and exceptions shall be accompanied by a memorandum which shall set forth a concise statement of the grounds upon which the relief sought is based and the legal authority therefore.
>
> C. A motion for summary judgment may be filed by either the respondent or the trial attorney(s).

723; *Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Comm'n*, 96–0793 (La. App. 1st Cir.2/14/97),  696 So.2d 1021, 1027, *writs denied*, 97-2069, 97-2062 (La.12/19/97), 706 So.2d 451, 452.  Because the Administrative Procedure Act contains no specific requirements for evidence at the summary judgment stage, the provisions of La. Code Civ. P. arts. 966 and 967 are applicable.

Based on our review, we find the evidence produced by the Board in opposition to respondents' motions for summary judgment does not satisfy the requirements of La. Code Civ. P. arts. 966 and 967.  The court of appeal correctly held this evidence may not be considered by EAB when deciding the motion for summary judgment.

Accordingly, we affirm the judgment of the court of appeal and remand the case to the EAB for further proceedings.[2]

**DECREE**

For the reasons assigned, the judgment of the court of appeal is affirmed. The case is remanded to the Ethics Adjudicatory Board for further proceedings consistent  with this opinion.

---

[2] We decline to adopt the position of the dissenting judges in the court of appeal who suggested it would be appropriate to grant the Board an additional opportunity to submit competent evidence in opposition to the motion for summary judgment.  However, nothing in this opinion should be construed as preventing the EAB from exercising its discretion to grant the parties an opportunity to supplement their submissions.