STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-878

SHANNON S. DOWDLE

VERSUS

STATE OF LOUISIANA, THROUGH THE DEPARTMENT
OF CULTURE, RECREATION, AND TOURISM, AND THE
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, No. 66,238
HONORABLE STEPHEN B. BEASLEY,
DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell and Phyllis M. Keaty, Judges.

AFFIRMED.

Jeff Landry, Attorney General
State of Louisiana
Leisa B. Lawson, Assistant Attorney General
Louisiana Department of Justice
900 Murray Street, Suite B-100B
Alexandria, LA 71301
(318) 487-5944
Attorneys for Appellee: State of Louisiana Through the
Department of Culture, Recreation and Tourism, and
The Department of Transportation and Development

**Robert L. Beck, III**
**W. Jay Luneau**
**Matthew T. Seaton**
**Luneau & Beck, LLC**
**P.O. Drawer 12850**
**Alexandria, LA  71315-2850**
**(318) 445-6581**
**Attorneys for Appellant: Shannon S. Dowdle**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Shannon S. Dowdle (Shannon) was allegedly injured while riding her bicycle in Hodges Gardens State Park (Hodges Gardens) on August 21, 2013. Shannon was accompanied by her husband, Kevin Dowdle (Kevin), and her brother. Kevin was not present when the accident occurred, and no one reported the accident to park officials until September 17, 2013, when Kevin filed a written report chronicling the alleged accident. The couple maintains annual passes for admission to Hodges Gardens and are frequent users of the park for running and cycling. Shannon filed suit on August 20, 2014, alleging she was seriously injured when she allegedly "attempted to stop to avoid a large pot-hole situated directly in her lane of travel" on a roadway inside Hodges Gardens. She further alleges in her petition the State "in the exercise of reasonable care knew or should have known about" the "defective condition of the roadway." Shannon set forth in her petition allegations asserting that the alleged bicycle accident was "caused by the fault and negligence of defendant . . . and/or through the acts and/or omissions [of] one or more of its employees and/or agents." The petition enumerates five alleged acts of negligence identified as:

a) Failing to maintain a roadway;

b) Failing to warn park patrons about unreasonably dangerous defects in the roadway about which it knew or should have known;

c) Allowing park patrons to utilize a roadway that it knew or should have known was unreasonably dangerous;

d) Failing to warn park patrons of or cordon off a roadway that it knew or should have known was unreasonably dangerous; and

e) Failing to repair defects about which it knew or should have known.

The State answered the petition on February 19, 2015, denying the allegations and asserting an affirmative defense based on La.R.S. 9:2795, [1] which provides a

---

[1] A. As used in this Section:

(1) "Land" means urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty.

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) "Charge" means the admission price or fee asked in return for permission to use lands.

(5) "Person" means individuals regardless of age.

B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

(a) Extend any assurance that the premises are safe for any purposes.

(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.

C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.

D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

E. (1) The limitation of liability provided in this Section shall apply to any lands or water bottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or water bottoms are used, and whether they are used for recreational or nonrecreational purposes.

(2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.

(b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create a duty of care or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person responsible for security or supervision of park activities, except as provided in Subparagraph (E)(2)(d) of this Section.

2

recreational use immunity for state parks such as Hodges Gardens. On August 28, 2017, the State filed a motion for summary judgment which was heard on November 28, 2018. The trial court granted the State's motion for summary judgment dismissing all of Shannon's claims with prejudice. Shannon appeals asserting there are unresolved genuine issues of material fact precluding summary judgment.

## ANALYSIS

Appellate courts review summary judgments de novo, using the same analysis as the trial court in deciding whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93–2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). As for the burden of proof, Article 966(C)(2) provides:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*DeLafosse v. Vill. of Pine Prairie*, 08-0693, p. 2 (La.App. 3 Cir. 12/10/08), 998 So.2d 1248, 1250, *writ denied*, 09-0074 (La. 2/4/09), 999 So.2d 766.

---

(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.

(d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.

F. The limitation of liability extended by this Section to the owner, lessee, or occupant of premises shall not be affected by the granting of a lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public or by the posting of the premises so as to limit the use of the premises to persons other than the entire public.

In support of its motion for summary judgment the State submitted the affidavits of Clifford Melius (Melius) and Kim A. Kelly (Kelly) along with Shannon's Petition for Damages, the State's Answer to Petition for Damages, and Plaintiff's Answers to Interrogatories and Requests for Production of Documents. In support of her opposition to the motion for summary judgment, Shannon filed a copy of the State's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents, a copy of an Initial Report of Office of State Parks dated September 17, 2013, a copy of a Follow-Up Report Office of State Parks dated September 17, 2013, a Witness Statement Office of State Parks dated September 17, 2013, several photo-copies of a photograph depicting a shallow, wide area in a roadway with loose pieces of surface material, and four pages from a booklet entitled Hodges Gardens State Park.

The current version of La.Code Civ.P. art. 966(A)(4), effective January 1, 2016, provides in pertinent part:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

Official Comment (c of 2015) to La.Code Civ.P. art 966 states:

> Subparagraph (A)(4), which is new, contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached. Although a memorandum is not a pleading or evidence, it is a proper document that can be used by a party to advance his arguments in support of or in opposition to the motion. *See, e.g., Meaux v. Galtier*, 972 So.2d 1137 (La. 2008). An opinion of the medical review panel cannot be filed in support of or in opposition to the motion unless it is properly authenticated and attached to the affidavit or deposition. Article 1458 requires that interrogatories be answered under oath, and only answers that are made under oath may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph continues the rule that no oral testimony shall be allowed at a hearing

4

on a motion for summary judgment, even if all parties agree. *See Mapp Construction, LLC v. Amerisure Mutual Insurance Co.*, 143 So.3d 520 (La. App. 1st Cir. 2014). All supporting documents may be filed electronically if provided for by local rules or the clerk of court.

Further, La.Code Civ.P. art 967(A) and (B) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

> When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

The trial court, and this court on de novo review, may only consider evidence that is admissible under the express provisions of La.Code Civ.P. arts. 966-67. The reports, photographs, and pamphlet excerpts attached to Shannon's opposition to the motion for summary judgment are not certified or authenticated in any manner and are not attached to any sworn deposition. Therefore, they may not be considered. Louisiana Code of Civil Procedure Article 1458(A) (emphasis added) requires that:

> Each interrogatory shall be answered separately and fully in writing **under oath**, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The written answer or reasons for objection to each interrogatory shall immediately follow a restatement of the interrogatory to which the answer or objection is responding. The answers are to be signed by the person making them. When interrogatories are served on a specific party, that party shall verify he has read and confirmed the answers and objections. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Article 1469 with respect to any objection to or other failure to answer an interrogatory.

The State argued in response to Shannon's Opposition to Motion for Summary Judgment that Shannon's Exhibit A does not meet the requirements of La.Code Civ.P. arts. 966-67, because these Answers to Plaintiff's First Set of Interrogatories and Requests for Production, provided by the State, are unsworn and as such may not be used in support of or in opposition to summary judgment. We note that Exhibit D (3) submitted by the State in support of its Motion for Summary Judgment is the Plaintiff's Answers to Interrogatories and Requests for Production of Documents which is also unsworn. Both sets of interrogatories are signed by the attorneys representing their respective parties. In neither instance has either the attorney or the party answering signed the document under oath. Louisiana Code of Civil Procedure Article 966 authorizes "answers to interrogatories" as one of the documents that "may be filed in support of or in opposition to the motion." *Id.* As noted above, Comment (c) to Article 966(A)(4) (emphasis added) states: "Article 1458 requires that interrogatories be answered under oath, **and only answers that are made under oath may be filed in support of or in opposition to a motion for summary judgment**." This indicates that only when interrogatories are answered under oath as required may they be used in support of or in opposition to a motion for summary judgment.

> Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. *See Boland v. West Feliciana Parish Police Jury*, 2003-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 813 *writ denied*, 2004-2286 (La. 11/24/04), 888 So.2d 231. Therefore, in meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence.

> *Williams v. Memorial Medical Center*, 2003–1806 (La. App. 4th Cir. 3/17/04), 870 So.2d 1044, 1053, *writ denied*, 2004-0963 (La. 6/4/04), 876 So.2d 93.

6

*Nettle v. Nettle*, 15-1875, 15-1876, pp. 4-5, (La.App. 1 Cir. 9/16/16), 212 So.3d 1180, 1183, *writ denied*, 16-1846 (La. 12/16/16), 212 So.3d 1170. *See also, King v. Pontchartrain Mortg. Co.*, 13-633 (La.App. 5 Cir. 1/31/14), 134 So.3d 19, *writ denied*, 14-430 (La. 4/11/14), 138 So.3d 610, and cases cited therein. *See also*, *Bd. of Ethics Matter of Monsour*, 16-1159 (La. App. 1 Cir. 6/21/17), 233 So.3d 625, *writ granted*, 17-1274 (La. 12/5/17), 231 So.3d 623, *affirmed* 17-1274 (La. 5/1/18), 249 So. 3d 808.

Because both parties' Answers to Interrogatories were not made under oath, and there is no attestation made before a notary public that these documents were answered under oath, they are not competent summary judgment evidence. Louisiana Code of Civil Procedure Article 967(A) and (B) require affidavits in support of or in opposition to a motion for summary judgment be made under oath and all documents be verified or certified by oath or attached to an affidavit. That article further allows an affidavit to be "supplemented or opposed by depositions, answers to interrogatories, or by further affidavits." The code requires that all three of these means by which an affidavit may be supplemented must be made under oath. It therefore stands to reason that only answers to interrogatories made under oath may be used in support of or in opposition to a motion for summary judgment. Thus, we will not consider these unsworn documents as competent evidence. Additionally, the photo copies submitted by Shannon attached to Exhibit A are likewise un-authenticated, unverified, and unsworn and therefore not competent evidence.

We find the State met its burden to prove that Hodges Gardens is a State Park and recreational area owned by the State of Louisiana and is subject to the provisions of La.R.S. 9:2795, which provides statutory immunity against the claims made in Shannon's suit. The State submitted two affidavits in support of its motion for

7

summary judgment. Through the affidavits of Melius and Kelly the State established that Hodges Gardens is a Louisiana State Park and it is "not a commercial park [] operated for profit." It also established through this affidavit that this State park is designed for recreational purposes, including bicycling, for public use, and that the "roadway" identified by Shannon in her petition is "a rural park trail" located in Hodges Gardens.

Even if Plaintiff's exhibits were admissible nothing in any of Shannon's exhibits offered in opposition to the State's motion for summary judgment suggests that Shannon can produce any evidence to show the State acted willfully or intentionally in causing her alleged injuries. Because the State made a prima facie case establishing it is entitled to statutory immunity the burden shifted to Shannon to bring the State under the only exclusion that could render the State liable for her alleged injuries suffered inside the State park. Shannon offered nothing in this regard. Shannon's own petition for damages alleges only that the State was negligent. It does not allege any intentional or willful acts and neither do any of the reports submitted even if they could be considered. We note, too, that Shannon offered an enlarged copy of the photo of the allegedly defective roadway at oral argument. If this photo was admissible, it does not support Shannon's claim because the large area depicted in the photo indicates in our view that Shannon should have noticed this hazard and taken appropriate action to avoid it, especially in a location that she alleges is familiar to her as a frequent visitor to the site.

For the reasons stated we affirm the trial court's judgment. All costs of this appeal are assessed against Shannon S. Dowdle.

**AFFIRMED**.