# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-1004

**PHILLIP TERRELL, IN HIS CAPACITY AS
DISTRICT ATTORNEY OF RAPIDES PARISH, ET AL.**


**VERSUS**


**TOWN OF LECOMPTE, ET AL.**


************
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,839
HONORABLE MONIQUE RAULS, DISTRICT JUDGE

************
**SYLVIA R. COOKS
JUDGE**
************

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.

**REVERSED; RENDERED; REMANDED.**


**Tiffany N. Sanders
929 Johnston Street
Alexandria, LA 71301
(318) 443-9080
Attorney for Appellant, Town of Lecompte**

**Thomas O. Wells
P.O. Box 13438
Alexandria, LA 71315
(318) 445-4500
Attorney for Appellees, Otis Payne and Edward Christie**

**James C. Downs
1254 Dorchester Drive
Alexandria, LA 71303
(318) 448-3439
Attorney for Appellees, Otis Payne and Edward Christie**

**COOKS, Judge.**

## PROCEDURAL HISTORY

Phillip Terrell (Terrell), in his official capacity as District Attorney for Rapides Parish, and Otis Payne and Edward Christie (Plaintiffs) as taxpayers domiciled in Lecompte, Louisiana filed a declaratory action against the Town of Lecompte, naming its mayor, all members of its Board of Aldermen, and the town clerk as defendants (Defendants). Terrell was dismissed from the suit and is no longer a party to this litigation. Plaintiffs and Defendants filed cross motions for summary judgment. The trial court denied Defendants' motion and granted a motion for summary judgment in favor of Plaintiffs. Defendants filed an application for supervisory writs with this court which was denied with one judge dissenting. The writ was denied because the majority held the judgment was not an appealable final judgment. The Louisiana Supreme Court granted Defendants' writ application and remanded the matter to the trial court for a "determination of whether or not this partial summary judgment is a final judgment." *Terrell v. Town of Lecompte*, 18-1087, p. 1 (La. 09/28/18), 253 So.3d 134, 135. On remand the trial court rendered judgment designating its ruling as a final judgment for purposes of an appeal. Defendants appeal the granting of summary judgment in favor of Plaintiffs and the denial of their motion for summary judgment.

## FACTUAL BACKGROUND

In 1989 the citizens of Lecompte approved a tax provision authorizing a one cent sales tax "to be used for the purpose of constructing, acquiring, improving, operating and maintaining garbage collection and disposal facilities, fire protection facilities, and civil defense facilities, including all necessary sites, furnishings, equipment and vehicles in connection therewith. . . ." In 2017, Plaintiffs filed a "Petition for Declaratory Judgment, Permanent Injunctive Relief and Other Relief."

Plaintiffs asserted in their petition that the state law authorizing a State Civil Defense Agency was repealed in 1993, thus any monies expended after that date by Lecompte for civil defense were "unauthorized" because "civil defense" no longer exists. Defendants, however, assert that the Civil Defense Agency Act, found in Louisiana Revised Statutes Title 29, was replaced by a new act in Title 29 entitled "The Louisiana Homeland Security and Emergency Assistance and Disaster Act." La.R.S. 29:722-23.[1]

---

[1] A. Because of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, *and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters, and in order to detect, prevent, prepare for,* investigate, respond to, or recover from these events, and generally to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:

(1) To create and provide for designation of the Governor's Office of Homeland Security and Emergency Preparedness as the state homeland security and emergency preparedness agency and to authorize the creation of local organizations for emergency preparedness in the political subdivisions of the state.

(2) To confer upon the governor and upon the parish presidents the emergency powers provided in this Chapter.

(3) That statewide and local plans for homeland security and emergency preparedness be prepared and approved without further delay and be maintained current to the maximum extent possible.

(4) *To reduce vulnerability* of people and communities of this state to damage, injury, and loss of life and property resulting from natural or man-made catastrophes, riots, acts of terrorism, or hostile military or paramilitary action.

(5) *To prepare for* prompt and efficient evacuation, rescue, care, and treatment of persons victimized or threatened by disasters or emergency.

(6) *To provide a setting conducive to the rapid and orderly start* of restoration and rehabilitation of persons and property affected by emergencies or disasters.

(7) To authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery.

(8) To authorize and provide for management systems embodied by coordination of activities relating to emergency or disaster prevention, mitigation, preparedness, response, and recovery by agencies and officers of this state, and similar state-local, interstate,

and foreign activities in which the state and its political subdivisions may participate.

B. It is further declared to be the purpose of this Chapter and the policy of the state of Louisiana that all homeland security and emergency preparedness functions of the state be coordinated to the maximum extent possible with the comparable functions of the federal government, other states and localities, and private agencies of every type, to the end that the most effective preparation and use may be made of the resources and facilities available for dealing with any emergency or disaster that may occur. . . .

La.R.S. 29:722.

(2) "Disaster" means the result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and other weather related events, forest and marsh fires, and man-made disasters, including but not limited to nuclear power plant incidents, hazardous materials incidents, oil spills, explosion, civil disturbances, public calamity, acts of terrorism, hostile military action, and other events related thereto.

(3) "Emergency" means:

(a) The actual or threatened condition which has been or may be created by a disaster; or

(b)(i) Any natural or man-made event which results in an interruption in the delivery of utility services to any consumer of such services and which affects the safety, health, or welfare of a Louisiana resident; or

(ii) Any instance in which a utility's property is damaged and such damage creates a dangerous condition to the public.

(iii) Any national or state emergency, including acts of terrorism or a congressional authorization or presidential declaration pursuant to the War Powers Resolution (50 U.S.C. 1541 et seq.).

(4) **"Emergency preparedness" means the *mitigation of, preparation for*, response to, and the recovery from emergencies or disasters. The term "emergency preparedness" shall be synonymous with "civil defense", "emergency management", and other related programs of similar name.**

(5) "Essential workforce" or "critical workforce" means public safety officials, disaster response personnel, and other such employees of federal, state, and local governmental agencies, or contractors of such agencies and specific private sector employees, possessing important skills and training in emergency mitigation, preparedness, response, and recovery as designated by the parish homeland security and emergency preparedness agency or in the absence of such designation by the parish homeland security and emergency preparedness agency, such designation by the Governor's Office of Homeland Security and Emergency Preparedness. Businesses who deem private sector employees essential or critical for mitigation, preparedness, response, and recovery of private business assets and resources shall identify such employees and obtain the necessary designation and credentials for such employees to be classified essential or critical. In addition to identifying personnel to the parish homeland security and emergency preparedness agency, or in the absence thereof, to the Governor's Office of Homeland Security and Emergency Preparedness, a licensed private security company shall submit a list of their employees and their assignment to the Louisiana State Board of Private

Appellate courts review summary judgments de novo, using the same analysis as the trial court in deciding whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93–2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). As for the burden of proof, Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*DeLaFosse v. Village of Pine Prairie*, 08-0693, p. 2 (La.App. 3 Cir. 12/10/08), 998 So.2d 1248, 1250, *writ denied*, 09-0074 (La. 2/4/09), 999 So.2d 766.

Defendants maintain that the new Louisiana Homeland Security and Emergency Assistance and Disaster Act, La.R.S. 29:721 et. seq., replaces the former Civil Defense Act and "envisions municipalities, such as the Town of Lecompte, exercising 'civil defense' or 'emergency preparedness.'" The trial court held that Lecompte could not use the tax revenue at issue for payment of "day to day activities," of the Lecompte Police Department. Included in this prohibition is fuel for the police cars.

Defendants appeal asserting four assignments of error:

---

Security Examiners for any employee that the private security company wants to be designated and classified as essential or critical workforce.

La.R.S. 29:723 (emphasis added).

(1) The Trial Court erred when the court read the words "civil defense" in isolation rather than reading the sales tax proposition as a whole.

(2) The Trial Court Erred in Holding the Sales Tax Proposition Did Not Contemplate Funding Expenses for Day-to-Day Operations.

(3) The Trial Court Erred When It Failed to Exclude Plaintiffs' Exhibits C and Exhibits E-K which were not attached to Plaintiffs' Motion for Summary Judgment when it was filed, and these exhibits were incompetent summary judgment evidence.

(4) The Trial Court Erred When It Failed to Exclude Incompetent Summary Judgment Evidence attached to the Plaintiffs' Opposition.

Appellate courts review judgments de novo and are not obliged to accord any deference to the trial court's findings. Plaintiffs' action seeking a declaratory judgment presents a single issue of law for determination. The single issue we must decide is whether Lecompte may continue to spend the tax revenue at issue in any manner to benefit the Lecompte Police Department.

Louisiana Homeland Security and Emergency Assistance and Disaster Act expressly states: "**The term 'emergency preparedness' shall be synonymous with 'civil defense', 'emergency management', and other related programs of similar name.**" La.R.S. 29:723(4) (emphasis added). Thus, it is a matter of simply applying the express terms of the statute to conclude that the new concept of "emergency preparedness" replaces the former concept of "civil defense." The newer legislation also expressly includes under its ambit local police departments such as the Town of Lecompte's Police Department. *See* La.R.S. 29:723(5). It also expressly provides:

> Because of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, and in order to ensure that *preparations* of this state *will be*

*adequate to deal with* such emergencies or disasters, and in order to *detect, prevent, prepare for*, investigate, respond to, or recover from these events, and generally to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:

To create and *provide for* designation of the Governor's Office of Homeland Security and Emergency Preparedness as the state homeland security and emergency preparedness agency and to authorize the creation of local organizations for emergency preparedness in the political subdivisions of the state.

La.R.S. 29:722(A)(1) (emphasis added).

This legislation authorizes local political subdivisions, such as Lecompte, to provide for emergency preparedness just as they provided for civil defense prior to the change in legislation and terminology. Important to the determination here, the statute also sets forth the idea of *preparedness* as the lynchpin of the State and local government's emergency preparedness and disaster response responsibilities. It speaks in terms of "preparation," detection, and prevention as well as response and recovery. The trial court here considered only the goals of response and recovery, i.e., the after-the-fact treatment of disasters and emergencies and the attendant costs. This notion is wholly unsupportable under a clear reading of the governing legislation and defies common sense. For emergency responders, such as local police and fire departments, to be ready and able (prepared and equipped) to address emergent situations or disasters unexpectedly impacting the general public they must make sufficient preparation *beforehand*. They cannot wait until disaster strikes to decide what they needed to do beforehand to address such disasters or emergent events. When disaster strikes it is far too late to prepare. The legislation contemplates immediate response and our citizens rightfully expect no less. It is nonsensical to suggest that the prior legislation or the current legislation allow only for revenue to be provided emergency responders after disaster strikes.

6

We find the trial court erred as a matter of law incorrectly interpreting and applying La.R.S. 29:722-23, and we reverse the trial court's granting summary judgment in favor of Plaintiffs. We further find Defendants are entitled to summary judgment as a matter of law.

We additionally find the trial court erred in denying Defendants' motion to exclude Plaintiffs' Exhibits C and Exhibits E-K. Defendants timely objected to these exhibits and we find the trial court, and this court on de novo review, cannot consider these exhibits. We note, however, that even if these exhibits were admissible, they would not change the result we reach as a matter of law. The current version of La.Code Civ.P. art. 966(A)(4), effective January 1, 2016, provides in pertinent part:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

Official Comment (c) of 2015 to La.Code Civ.P. art 966 states:

> Subparagraph (A)(4), which is new, contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached. Although a memorandum is not a pleading or evidence, it is a proper document that can be used by a party to advance his arguments in support of or in opposition to the motion. *See, e.g., Meaux v. Galtier*, 972 So.2d 1137 (La. 2008). An opinion of the medical review panel cannot be filed in support of or in opposition to the motion unless it is properly authenticated and attached to the affidavit or deposition. Article 1458 requires that interrogatories be answered under oath, and only answers that are made under oath may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph continues the rule that no oral testimony shall be allowed at a hearing on a motion for summary judgment, even if all parties agree. *See Mapp Construction, LLC v. Amerisure Mutual Insurance Co.*, 143 So.3d 520 (La. App. 1st Cir. 2014). All supporting documents may be filed electronically if provided for by local rules or the clerk of court.

Further, La.Code Civ.P. art 967(A) and (B) provides:

(A) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

(B) When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

The trial court, and this court on de novo review, may only consider evidence that is admissible under the express provisions of La.Code Civ.P. arts. 966-67. The exhibits were not attached to the motion for summary judgment. They are not certified or authenticated in any manner and are not attached to any sworn deposition or affidavit. Therefore, they may not be considered. Further, Louisiana Code of Civil Procedure Article 1458(A) (emphasis added) requires that:

Each interrogatory shall be answered separately and fully in writing **under oath**, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The written answer or reasons for objection to each interrogatory shall immediately follow a restatement of the interrogatory to which the answer or objection is responding. The answers are to be signed by the person making them. When interrogatories are served on a specific party, that party shall verify he has read and confirmed the answers and objections. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories, except as set forth in Paragraph B of this Article. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Article 1469 with respect to any objection to or other failure to answer an interrogatory.

Both sets of interrogatories are signed by the attorneys representing their respective parties. In neither instance has either the attorney or the party answering signed the document under oath. Louisiana Code of Civil Procedure Article 966(A)(4) authorizes "answers to interrogatories" as one of the documents that "may be filed in support of or in opposition to the motion[.]" *Id.* As noted above, Comment (c) to Article 966(A)(4) (emphasis added) states: "Article 1458 requires that interrogatories be answered under oath, **and only answers that are made under oath may be filed in support of or in opposition to a motion for summary judgment**." This indicates that only when interrogatories are answered under oath as required may they be used in support of or in opposition to a motion for summary judgment.

> Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. *See Boland v. West Feliciana Parish Police Jury*, 2003-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 813 *writ denied*, 2004-2286 (La. 11/24/04), 888 So.2d 231. Therefore, in meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. *Williams v. Memorial Medical Center*, 2003–1806 (La. App. 4th Cir. 3/17/04), 870 So.2d 1044, 1053, *writ denied*, 2004-0963 (La. 6/4/04), 876 So.2d 93.

*Nettle v. Nettle*, 15-1875, 15-1876, pp. 4-5, (La.App. 1 Cir. 9/16/16), 212 So.3d 1180, 1183, *writ denied*, 16-1846 (La. 12/16/16), 212 So.3d 1170. *See also, King v. Pontchartrain Mortg. Co.*, 13-633 (La.App. 5 Cir. 1/31/14), 134 So.3d 19, *writ denied*, 14-430 (La. 4/11/14), 138 So.3d 610, and cases cited therein. *See also, Board of Ethics Matter of Monsour*, 16-1159 (La. App. 1 Cir. 6/21/17), 233 So.3d 625, *writ granted*, 17-1274 (La. 12/5/17), 231 So.3d 623, *affirmed*, 17-1274 (La. 5/1/18), 249 So.3d 808.

Because both parties' Answers to Interrogatories were not made under oath, and there is no attestation made before a notary public that these documents were answered under oath, they are not competent summary judgment evidence. Louisiana Code of Civil Procedure Article 967(A) and (B) require affidavits in support of or in opposition to a motion for summary judgment be made under oath and all documents be verified or certified by oath or attached to an affidavit. That article further allows an affidavit to be "supplemented or opposed by depositions, answers to interrogatories, or by further affidavits." The Code requires that all three of these means by which an affidavit may be supplemented must be made under oath. It therefore stands to reason that only answers to interrogatories made under oath may be used in support of or in opposition to a motion for summary judgment. Thus, these unsworn documents are not competent evidence.

For the reasons stated we hereby grant Defendants' cross motion for summary judgment and herewith render judgment in favor of Defendants declaring that the tax revenue generated through Town of Lecompte Local Ordinance No. 1137 may properly be used for expenses in the Lecompte Police Department that directly relate to preparation and response to the natural disasters and other emergencies set forth in La.R.S. 29:722-23. We hasten to add that not all costs or expenses of the Lecompte Police Department fall within the statutory authorization. For example, hiring bonuses, pay raises, employee benefits and the like would not be directly related to expenditures for emergency preparedness. We remand the matter to the trial court for further proceedings consistent with this ruling.

**REVERSED; RENDERED; REMANDED.**